DRAKE, APPELLANT, *v.* BUCHER, SUPT., APPELLEE.

[Cite as Drake v. Bucher, Supt., 5 Ohio St. 2d 37.]

(No. 39651—Decided January 5, 1966.)

38

 

(Counsel omitted.)

SCHNEIDER, J. The brief of appellant utterly fails to comply with virtually every rule of this court both as to form and content. For the information of the bar, we call attention to its most salient deficiencies.

Omitted from the cover page, a matter purely and simply of mechanics, is the number of the case, the fact that the case originated in the Court of Appeals, and the names and addresses of counsel and whom they represent, all as required by Rule VI of the Rules of Practice. Rule VI provides further that "a dark colored cover page shall not be used."

There is another mechanical requirement, the omission of which is inexcusable, set forth in Rule V, Section 1 (A), which reads as follows:

"If the brief consists of five or more pages, an appropriate subject index, including a list of all statutes, constitutional provisions, departmental, board or commission rules or regulations, cases or other authorities relied upon, arranged alphabetically with references to the pages of the brief where the citations appear."

The purported statement of facts does not contain page references to supporting portions of the record and, therefore, violates Rule V, Section 1 (C).

Rule V, Section 1 (D), requiring that a brief contain an argument with appropriate headings thereto, reads as follows:

"The argument, with headings indicating portions of argument applicable to each question or contention referred to in the foregoing statement of questions of law involved and contentions being made."

The purpose of this section is to correlate the argument to

the statement of the questions of law involved. Appellant's brief completely fails to comport with this rule.

Next, appellant omits setting forth the statutes involved in the case and the decisions of the lower court in the appendix to his brief, as required by Rule V, Section 1 (E).

But most serious of all is the appellant's disregard of Rule V, Section 1 (B), which requires that his brief contain:

"A statement of the questions of law involved and contentions being made (*in lieu of an assignment of errors*)." (Emphasis added.)

The purpose of this rule is to present to the court in concise form the legal issues involved in the cause. It means that an appellant shall set forth a statement of the rules of law which he contends are applicable to the facts in the case and which, if appellant were to prevail, *could serve as a syllabus of the case*. (There is no prohibition against an appellee presenting similar statements containing the propositions of law which he contends control the case.) It may be that in some cases this can be accomplished merely by an abstract statement of the law involved; others will require that controlling facts be interwoven into the statement in order clearly to set forth the precise legal issue. Although there can be no ideal form, the statement should always be concise and unambiguous.

Appellant's assignment of error No. 1 is a classic example of inattention to the purpose and spirit of this rule and reads as follows:

"The trial court erred in that it failed to consider that appellant had not had a proper hearing as to his alleged violation of probation."

Obviously, this statement is inadequate because it fails to contain those facts which would lead to the conclusion that a proper hearing was not granted.

There is no excuse for the failure of any member of the bar to understand or to comply with the rules of this court. They are promulgated so that causes coming before the court will be presented in a clear and logical manner, and any litigant availing himself of the jurisdiction of the court is subjected thereto. Not to be minimized is the necessity of compliance as an accommodation to the correct dispatch of the court's busi-

ness. But our over-arching concern is that the legitimate interests of litigants be protected to the utmost. To this end, our profession is committed, and adherence to our rules should be dedicated.

In order to promote justice, the court exercises a certain liberality in enforcing a strict attention to its rules, especially as to mere technical infractions. But a substantial disregard of the whole body of these rules cannot be tolerated. As observed in *Sullivan* v. *Holbrook*, 211 Mo. 99, 104, 109 S. W. 668:

"The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men, viz.: those who labor to obey it—the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case. * * *"

The court, therefore, dismisses this appeal *sua sponte* for appellant's failure to comply with its rules as set forth herein.

*Appeal dismissed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.