THE STATE OF OHIO, APPELLANT, *v.* CARTER, APPELLEE.

(No. 70-567—Decided July 7, 1971.)

*Mr. Harry Friberg,* prosecuting attorney, and *Mrs. Alice L. Robie,* for appellee.

*Mr. Jas. Slater Gibson,* for appellant.

*Per Curiam.* Appellant contends that the Juvenile Court erred in binding him over to the Court of Common Pleas for trial as an adult, in that it failed to comply with the mandates of R. C. 2151.26 as in effect at that time. That section required a prior finding that a juvenile was a delinquent child before a juvenile judge could relinquish jurisdiction, and vest jurisdiction in the Court of Common Pleas for disposition as the Court of Common Pleas is authorized to make for a like act committed by an adult.[1]

---

[1]R. C. 2151.26, as in effect prior to November 19, 1969, read as follows:

"In any case involving a delinquent child under Sections 2151.01 to 2151.54, inclusive, of the Revised Code, who has committed an act which could be a felony if committed by an adult, the juvenile judge, after full investigation and after a mental and physical examination of such child has been made by the youth commission, or by some other public or private agency, or by a person qualified to make such examination, may order that such child enter into a recognizance with good and sufficient surety, subject to the approval of the judge, for his appearance before the Court of Common Pleas at the next term thereof, for such disposition as the Court of Common Pleas is authorized to make for a like act committed by an adult; or the judge may exercise the other powers conferred in such sections in disposing of such case."

Recently, in *In re Jackson* (1970), 21 Ohio St. 2d 215, Justice Herbert, after recognizing that the existing statute required a finding of delinquency, stated that:

"This is not to say that the act upon which a bind-over is predicated must be the same as that from which the finding of delinquency emanated * * *. For example, a child could be adjudged a delinquent on many grounds, including those enumerated in Section 2151.02, Revised Code, before the Juvenile Court even began consideration of whether he should be bound over under Section 2151.26, Revised Code. A child could have been found to be a delinquent in an entirely unrelated, prior occurrence, and then become involved in a matter which would fall within the purview of Section 2151.26, Revised Code." (Ib., 218, 219.)

In the case at bar, the record reveals that the Juvenile Court found that appellant had had "many and continuing contacts with the Toledo police department, and many court appearances where formal charges were brought against Cornelius, including the present charge." The court found also that he had been committed to a correctional school for two years, that he had been committed to the custody of the Ohio Youth Commission, and that there was "sufficient credible evidence of probative value to indicate that Cornelius S. Carter has committed an act which could be a felony if committed by an adult."

While the court's entry did not specifically state that appellant was adjudged to be a "delinquent child," using those words, the court's journal entry adequately communicates the fact that Carter has been found to be a delinquent child. R. C. 2151.26 does not require specific language to be used by a Juvenile Court in journalizing its finding that a child is delinquent. It can do so without ever using the word "delinquent," as did the court in the instant case, as long as a reading of its entry reasonably apprises the reader that such a finding was made. To hold otherwise would be catering to the supertechnical.

In addition to his major contention, appellant apparently seeks to raise an issue as to the insufficiency of the

evidence to support his conviction. While appellant's failure to raise that issue in the form required by Rule 5(D) of the Rules of Practice of the Supreme Court² would warrant our refusal to consider it, this court may nonetheless choose to grant it consideration. Doing so, it is our conclusion, from an examination of the evidence presented in the record, that reasonable minds could differ upon whether each material element of the offense charged was proved beyond a reasonable doubt. Therefore, the question of the sufficiency of the evidence was properly one for jury determination. See *State* v. *Berry* (1971), 25 Ohio St. 2d 255, 261; *State* v. *Antill* (1964), 176 Ohio St. 61, paragraph five of the syllabus.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

HERBERT, J., concurring. The word "delinquent," when applied to an adjudication of juvenile conduct and responsibility, has precise meaning and considerable import. It should appear in journal entries which are meant to reflect such a determination.

---

²Rule 5(D) of the Rules of Practice of the Supreme Court of Ohio provides that the appellant's brief must contain:

"An argument, which shall be headed by the proposition of law which the appellant contends is applicable to the facts in the case and which, if he prevails, could serve as a syllabus. See paragraph three of the syllabus of *Drake* v. *Bucher*, 5 Ohio St. 2d 37. If several propositions of law are contended for, the argument shall be divided by utilizing each proposition as a subheading."