THE STATE OF OHIO, APPELLANT, *v.*
SHEPHERD ET AL., APPELLEES.

[Cite as State v. Shepherd (1980), 61 Ohio St. 2d 328.]

(No. 79-217—Decided March 19, 1980.)

*Mr. Warren J. Lotz,* prosecuting attorney, for appellant.
*Messrs. Maurer & Kuns* and *Mr. Robert W. Maurer,* for appellees.

CELEBREZZE, C. J. Before deciding on the merits, we first must rule on a motion to dismiss this appeal filed by appellee. Appellee claims that because there is material contained in appellant's Appendix to its brief which is not among that enumerated in Section 1(E) of Rule V of the Rules of Practice of the Supreme Court of Ohio, the appeal must be dismissed. Although we have stated in *Drake* v. *Bucher* (1966), 5 Ohio St. 2d 37, 40, that a substantial disregard of the whole body of a court's rules cannot be tolerated, we find that the inclusion of a government report, a magazine article and a map in the instant case does not constitute a failure to comply with our Rules of Practice. Even considering Rule V as a strict limitation, appellant has not substantially disregarded the rules. The asserted violation of the rules by the inclusion of certain documents which appellee classifies as neither legal authority nor evidence admitted by the trial court is not prejudicial. This

court is able to ignore any illegitimate materials in appellant's Appendix. The motion is overruled.

The sole issue before this court is whether R. C. 4513.33, in providing that sealed scales to which vehicles are ordered to proceed be within three miles of the original stopping point, requires that the scales be within a radius of three miles from the point where the vehicle is originally stopped or, instead, that they be at most three road miles from that point.

R. C. 4513.33 allows police officers, with reason to believe that the weight of a vehicle is unlawful, to require that the vehicle be weighed either by means of compact portable sealed scales or by certain types of sealed scales installed at a fixed location. The statute states that "[t]he driver of such vehicle shall, if necessary, be directed to proceed to the nearest available of such sealed scales to accomplish the weighing, provided such scales are within three miles of the point where such vehicle is stopped.***"

The legislative intent behind this distance limitation is to allow effective enforcement of vehicle load limitations for the purpose of controlling road damage and safety hazards, while at the same time avoiding unreasonable interference with vehicle operation. The General Assembly realized that requiring the distance limitation to be in road miles would unduly restrict enforcement due to the fact that most fixed-location scales are on limited-access highways. One of the reasons for allowing the police to direct the vehicle to be weighed to fixed-location scales is to aid in the apprehension of violators who attempt to avoid the scales on limited-access highways by exiting from these roads and taking side roads around the scales. Consequently, the General Assembly chose the language in the statute to require that the scales be within a radius of three miles from the point where the vehicle is stopped, rather than use an inflexible road mileage limitation. Use of the radius limitation, along with the further limitation in R. C. 4513.33 that "[a]ny vehicle stopped in accordance with this section may be held by the police officer for a reasonable time only to accomplish the weighing as prescribed by this section," sufficiently protects drivers from unreasonable interference with the operation of their vehicles, while allowing the police to ef-

fectively enforce load limitations for the protection of the public.

The General Assembly expressed this intent by using the phrase, "within three miles of the point where such vehicle is stopped." Webster's Third New International Dictionary (1961) defines "within" as "in the limits or compass of." If the General Assembly had intended to require the use of road miles, it would have surely used a phrase more explicitly indicating that intent. The common understanding of the phrase "within three miles" is that it refers to straight-line distance.

We hold that, when the General Assembly enacted R. C. 4513.33, allowing police officers to direct a vehicle to proceed to the nearest available scales to be weighed "provided such scales are within three miles of the point where such vehicle is stopped," it intended to require the scales to be within a three-mile radius of the stopping point.

Accordingly, the judgment of the Court of Appeals is reversed, and the judgment of the Municipal Court is reinstated.

*Judgment reversed.*

HERBERT, P. BROWN, SWEENEY, JACKSON and HOLMES, JJ., concur.

W. BROWN, J., dissents. I dissent for the reason that in my opinion the statutory reference is to road miles.

JACKSON, J., of the Eighth Appellate District, sitting for LOCHER, J.