[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 91.]

THE STATE OF OHIO, APPELLEE, *v*. WHITE, APPELLANT.

[Cite as *State v. White*, 1995-Ohio-6.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 94-2467—Submitted February 7, 1995—Decided April 26,1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 57944.

_____

{¶ 1} According to the court of appeals' opinion, appellant, Frederick White, was convicted of aggravated murder and felonious assault with firearm specifications. The appellate court vacated one of the felonious assault counts, but affirmed the remaining convictions. *State v. White* (Jan. 31, 1991), Cuyahoga App. No. 57944, unreported. It is undisputed that on February 16, 1994, appellant filed an application to reopen his appeal pursuant to App. R. 26 (B), alleging ineffective assistance of appellate counsel. Attached to the application was counsel's affidavit stating that any delay in filing the application was due to counsel's heavy work load and was not caused by appellant. Nevertheless, the court of appeals held that appellant had failed to establish good cause for filing the application more than ninety days after the appellate judgment was journalized, as required by App. R. 26 (B) (1) and (2) (b). The court also held that appellant's claims had previously been raised on direct appeal and were, therefore, res judicata. Appellant now appeals to this court

_____

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *George J. Sadd*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Kort Gatterdam*, Assistant Public Defender, and *Gloria Eyerly*, Chief Counsel, for appellant.

————————————

***Per Curiam.***

**{¶ 2}** The judgment of the court of appeals is affirmed for the reasons stated in its opinion.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., dissents.

————————————

**WRIGHT, J., dissenting.**

**{¶ 3}** I must respectfully dissent because I believe that this court should not take such a rigid attitude toward standards that will suffice for "good cause."

**{¶ 4}** As evidence of good cause, defense counsel in this case filed an affidavit that stated, in part: "Due to our office's overwhelming caseload and my personal heavy caseload, I was unable to review the merits of Mr. White's case until late 1993. The delay in filing this application is an unavoidable consequence of our statutory mandate (R.C. 120.06) to review any inmates ['s] claim that he is unlawfully incarcerated. The delay was not caused by Appellant, Rick White."

**{¶ 5}** The court of appeals held that this did not establish good cause for the untimely filing of an application for reopening. The court premised its reasoning on the fact that counsel is charged with full knowledge of the time limitations of App.R. 26(B). *State v. Klein* (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), affirmed (1994), 69 Ohio St. 3d 1481, 634 N.E.2d 1027. The court further reasoned that the lack of counsel does

not excuse an applicant from filing a timely application for reopening. *State v. McCarter* (Apr. 8, 1993), Cuyahoga App. No. 62346, unreported, reopening disallowed (Aug. 12, 1994).

{¶ 6} The application of both premises defies the realities present in our system and ignores the concept of justice.

{¶ 7} It was not lack of knowledge of the time limitations of App.R. 26(B) that prevented counsel from filing the application for reopening within ninety days. It is well known that the Office of the Public Defender is understaffed and overworked with a heavy caseload. For numerous reasons, it is almost impossible for a public defender to meet the ninety-day requirement for filing an application for reopening in this type of case. Particularly relevant is the fact that most public defenders do not even receive the request for assistance of counsel until after the ninety-day requirement has expired. Also relevant is the fact that with over forty thousand potential clients, it defies reality to believe that the Public Defender will be able to identify, review and file an application for reopening within ninety days. The effect of the rigid application proposed by the court of appeals and affirmed by the majority is that an indigent, incarcerated, and uncounseled appellant is being denied the fundamental constitutional rights that App.R. 26(B) was designed to protect.

{¶ 8} As for the assertion that lack of counsel does not excuse the untimely application for reopening, the majority places a great deal of faith in the ability of a layperson, within ninety days, to realize that his appellate counsel was ineffective, realize why the appellate counsel was ineffective, and understand how to ask the court of appeals to address the ineffectiveness. All this when, in most cases, the indigent incarcerated inmate does not receive the court of appeals' decision from his or her appellate lawyer in a timely fashion, if at all. My word, what a statute!

{¶ 9} The court of appeals quotes, at length, *Drake v. Bucher* (1966), 5 Ohio St.2d 37, 34 O.O.2d 53, 213 N.E.2d 182, which discusses the importance of

adhering to the rules of the court.  I agree with the premise that in the interest of judicial economy and for the protection of individuals, the rules of the court must be followed.  However, the rules should not be followed so rigidly that fundamental constitutional rights are jeopardized or destroyed as in the case before us.

{¶ 10} Accordingly, I must respectfully dissent.

———————————