MEMORANDUM DECISION
Defendant, Steven Patrick Franklin, now moves this court to reopen his direct appeal based upon a claim of ineffective assistance of appellate counsel. Defendant's application for delayed reopening is made pursuant to App.R. 26(B) and State v.Murnahan (1992), 63 Ohio St.3d 60, and contains allegations that defendant received ineffective assistance of appellate counsel because: (1) "trial counsel failed to raise a Batson and J.E.B. violation" and (2) "failed to raise an abuse of discretion by the trial court, for not guaranteeing a fair and impartial jury selection from a fair cross-section of the community on the Basis of Gender-Bias."
On November 8, 1994, defendant was convicted by a jury of one count of rape, one count of felonious sexual penetration, and one count of gross sexual imposition. Defendant was sentenced to serve consecutive terms on all three counts and, thereafter, filed a notice of appeal with this court. On June 15, 1995, this court rendered a decision which affirmed defendant's conviction for rape and felonious penetration, but which remanded the case to the trial court for resentencing on defendant's conviction for gross sexual imposition. State v. Franklin (June 15, 1995), No. 94APA11-1690, unreported (1995 Opinions 2670). On August 28, 1995, the Ohio Supreme Court denied defendant's motion for discretionary appeal, whereafter defendant was resentenced by the trial court on September 22, 1995, to a consecutive ten to twenty-five year sentence on count one, nine to twenty-five year sentence on count two, and a concurrent eighteen month sentence on count three. Defendant did not appeal the imposition of the trial court's September 22, 1995 amended sentence. On September 20, 1996, defendant filed a motion for post-conviction relief, which defendant supplemented on March 12, 1997. On April 9, 1997, the trial court dismissed defendant's petition, and on November 18, 1997, this court affirmed. The Ohio Supreme Court denied leave to appeal on March 11, 1998.
App.R. 26(B)(1) provides:
 * * * An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
The Ohio Supreme Court has interpreted the "good cause" requirement of App.R. 26 narrowly. Specifically, the Supreme Court has repeatedly held that ignorance of the law or of the requirements of App.R. 26 does not demonstrate "good cause" for failing to file a timely application for reopening of an appellate judgment. See State v. Reddick (1995), 72 Ohio St.3d 88, 91; andState v. White (1995), 72 Ohio St.3d 91, 92.
In his own words, defendant argues that he failed to submit a timely application for reopening as required by App.R. 26, due to alleged deficiencies in the legal libraries and resources at the institutions at which defendant has been incarcerated. In addition, defendant argues that he "is a very slow learner" and was unaware of the requirements for filing an application for reopening as he could not read or write prior to earning his G.E.D. in 1997. As noted above, however, the Ohio Supreme Court has held that ignorance of the law is not a sufficient justification for the untimely filing of an application for reopening. See, also, State v. Franklin (1995), 72 Ohio St.3d 372,373. For the foregoing reasons, we hereby deny defendant's application for delayed reopening. In light of this court's disposition of defendant's application for reopening, defendant's motion to strike appellee's response to appellant's application for reopening is moot.
Motions denied.
BROWN and KENNEDY, JJ., concur.