OPINION
Following a jury trial in 1996, defendant-appellant, Ted E. Marcum, was convicted of one count each of assaulting a police officer, defrauding a livery, disorderly conduct, and resisting arrest along with two specifications charging him with a prior offense of violence. Marcum's convictions were affirmed on direct appeal. State v. Marcum (Dec. 23, 1996), Butler App. No. CA96-03-049, unreported, appeal dismissed (1997),78 Ohio St.3d 1453.
On May 1, 1997, nearly five months after this court affirmed the convictions and sentence on direct appeal, and one month after the supreme court refused to accept Marcum's case for review, Marcum filed apro se "Motion To Enlarge Time On Filing Motion to Reopen Appeal On Reconsideration Pursuant to App.R. 16(B)" in which he claimed this court lacked jurisdiction to consider an application to reopen his appeal while his notice of direct appeal was pending before the Supreme Court of Ohio. This court denied Marcum's motion by entry dated August 5, 1997.
More than one year later, Marcum filed another pro se motion "Requesting Leave to File a Supplemental Brief No [sic] Exceeding Five Pages on Delayed Application for Reconsideration and Reopen." This court denied the motion on October 6, 1998 and a direct appeal of that ruling was dismissed by the Supreme Court of Ohio. See State v. Marcum (1998),84 Ohio St.3d 1484.
Marcum then filed a petition for a writ of habeas corpus with the United States District Court for the Southern District of Ohio. The federal court dismissed Marcum's petition without prejudice upon a determination that Marcum failed to completely exhaust his Ohio remedies since neither this court nor the supreme court ruled upon the specific claim that he was denied his constitutional rights to equal protection and due process by App.R. 26(B)'s lack of a provision for the appointment of counsel for indigent applicants seeking to reopen their direct appeals. See Marcum v. Ohio Adult Parole Authority (S.D.Ohio Sept. 17, 2001), No. C-1-98-349, unreported.
The matter is now before this court upon Marcum's application for reopening filed pursuant to App.R. 26(B) and a memorandum in opposition filed by plaintiff-appellee, the state of Ohio.
In his application, Marcum claims he was denied the effective assistance of appellate counsel as a result of the following: (1) appellate counsel refused to forward a copy of the trial court transcript to Marcum in a timely fashion; (2) prison officials "lost" Marcum's legal mail which deprived him of the opportunity to timely appeal to the Ohio Supreme Court; (3) Marcum was denied his right to counsel in the filing of an App.R. 26(B) application; (4) appellate counsel failed to raise an assignment of error claiming that Marcum's conviction for defrauding a livery was based on insufficient evidence; (5) appellate counsel failed to raise an assignment of error claiming trial counsel was ineffective; and (6) appellate counsel failed to file a "delayed" motion for reconsideration under App.R. 14(B) and 26(A).
An application for reopening must be filed in the court of appeals "within ninety days from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(1). Furthermore, an application must contain a showing of good cause for untimely filing if the application is filed more than ninety days from journalization of the appellate judgment. App.R. 26(B)(2)(b).
This court journalized its judgment entry on Marcum's direct appeal on December 23, 1996. Thus, App.R. 26(B)(1) required any timely application for reopening to be filed no later than March 2, 1997. Marcum's application was filed on October 16, 2001, four and one-half years after the due date imposed by App.R. 26(B)(1).
Marcum makes no attempt to show good cause for his late filing. Rather, he places responsibility on others, namely his appellate counsel, who is accused of not providing him with a copy of the trial transcript, and prison officials who allegedly lost his legal mail.
An application to reopen is to be supported by "any parts of the recordavailable to appellant." App.R. 26(B)(2)(e). (Emphasis added.) Nothing in the rule requires counsel to provide or make available a copy of the trial transcript to an applicant for purposes of preparing an App.R. 26(B) application. The pleadings also suggest that Marcum mistakenly believed he could not file an application so long as he had an appeal pending before the Supreme Court of Ohio. Under S.Ct.Prac.R. II(2)(D)(1), an appellate court retains jurisdiction to consider an application to reopen even though the applicant has perfected an appeal to the supreme court. State v. Ayala (1996), 111 Ohio App.3d 627, 630.
The supreme court has determined that, for purposes of App.R. 26, "ignorance of the law, * * * do[es] not automatically establish good cause for failure to seek timely relief." State v. Reddick (1995),72 Ohio St.3d 88, 91. Denial of an application is appropriate absent any showing of good cause for a late filing. See State v. Mason (2000),90 Ohio St.3d 66. Having reviewed Marcum's application, we find no showing of good cause as to why the application was not filed in a timely manner.
Citing the United States Sixth Circuit Court of Appeals' decision inWhite v. Schotten (C.A.6, 2000), 201 F.3d 743, certiorari denied inBagley v. White, 531 U.S. 940, 121 S.Ct. 332, Marcum also claims he was denied his constitutional right to appointed counsel to assist in the filing of motion for delayed reopening under App.R. 26(B). Despite our determination that Marcum's application is untimely, we address this particular issue since it is the basis upon which the federal district court denied Marcum's habeas corpus petition.
The defendant in Schotten was convicted of aggravated murder and two counts of felonious assault. On direct appeal, one felonious assault conviction was reversed while the remaining convictions were affirmed.Id. at 748. See, also, State v. White (Jan. 31, 1991), Cuyahoga App. No. 57944, unreported. At some point in 1991, the defendant obtained representation from the Office of the Ohio Public Defender. The assistant public defender assigned to the case waited until February 1994, three years later, to file an application for reopening under App.R. 26(B). The public defender claimed an excessively heavy caseload as the reason for the late filing.
The Cuyahoga County Court of Appeals dismissed the application because it had been untimely filed and no good cause had been shown for the untimely filing. The Supreme Court of Ohio affirmed. See State v.White (1995), 72 Ohio St.3d 91, certiorari denied in White v. Ohio,516 U.S. 892, 116 S.Ct. 242.
The defendant then filed a petition for habeas corpus in the federal district court. The district court dismissed the petition because the claims were procedurally defaulted under App.R. 26(B) and the defendant had failed to show cause and prejudice for the default. Schotten at 748, 749. The Sixth Circuit Court of Appeals reversed and held that the filing of an App.R. 26(B) application was considered a continuation of the activities related to the direct appeal itself. Since the accused had the right to effective assistance of counsel on direct appeal, he likewise had a constitutional right to the effective assistance of counsel with respect to the filing of an application to reopen. Id. at 752, 753. Because he was entitled to the "effective" assistance of counsel in the filing of an application to reopen, the defendant was able to show cause for his procedural default, i.e., counsel's ineffective failure to timely file an application to reopen, in his habeas corpus action. Id. at 754.
Marcum asserts that the holding in Schotten entitles him to have counsel appointed to assist with the filing of an App.R. 26(B) application. We disagree. Schotten stands for the proposition that where counsel participates in the filing of an App.R. 26(B) application and fails to complete the filing in a timely manner, the applicant's constitutional right to the effective assistance of counsel in the filing of such an application precludes the dismissal of a federal habeas corpus claim on the basis of a procedural default.
Schotten does not require the appointment of counsel for the initial filing of an application to reopen under App.R. 26(B). Schotten merely states that if an applicant is represented by counsel in the filing of an App.R. 26(B) application to reopen, then the applicant is entitled to "effective" counsel in the filing of that application. Accordingly, we conclude that Marcum's reliance on Schotten is misplaced.
In fact, App.R. 26(B), by its very terms, recognizes that an application to reopen may be filed either with or without the representation of counsel. If an appellate court grants an application, it shall "[a]ppoint counsel to represent the applicant if the applicant is indigent and not currently represented." App.R. 26(B)(6)(a). (Emphasis added.) We find no authority, either in App.R. 26(B) itself or those decisions of Ohio courts interpreting the rule, requiring the appointment of counsel for the filing of an application to reopen.[1]
Having failed to demonstrate good cause for the untimely filing of his application or that he is entitled to appointed counsel to assist in the initial preparation or filing of an application, Marcum's application for reopening is hereby denied.
WALSH and POWELL, JJ., concur.
[1] The Supreme Court of Ohio has declined the opportunity to rule on this issue. See State v. Moore (2001), 93 Ohio St.3d 649 (Cook, J., concurring in judgment only); State v. Palmer (2001), 92 Ohio St.3d 241. At least one other Ohio appellate district has determined that an applicant has no right to counsel to assist in the filing of an application under App.R. 26(B). See State v. Walker (Aug. 3, 2001), Cuyahoga App. No. 47616, unreported, appeal not allowed,93 Ohio St.3d 1474. See, also, State v. Creasey (Aug. 29, 2001), Cuyahoga App. Nos. 65717, 65718, unreported; and State v. Darrington
(Oct. 27, 2000), Cuyahoga App. No. 65588, unreported.