JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants, Christine and Timothy Dzilinski (the Dzilinskis), appeal the trial court's denial of their motion to vacate. Finding no merit to the appeal, we affirm.
 {¶ 2} The record reflects that the Dzilinskis had a credit card with Chase Manhattan Bank. In 1999, Chase sold and transferred the account to plaintiff-appellee, Cavalry Investments, LLC ("Cavalry"). In 2005, Cavalry filed a complaint against the Dzilinskis for the unpaid credit card balance. The Dzilinskis filed a counterclaim challenging Cavalry's collection practices. The matter proceeded to *Page 2 
arbitration, which resulted in an award for Cavalry in the amount of $1,329, and an award to the Dzilinskis for $1,000.
 {¶ 3} Six days after the award was issued, the Dzilinskis filed a "motion to set a discovery schedule and demand for a jury trial." They concede that they did not file an "appeal" of the arbitrators' decision with the trial court as required by the Local Rules of the Cuyahoga County Common Pleas Court.
 {¶ 4} The trial court adopted the arbitration report. The Dzilinskis subsequently filed a "motion to vacate adopting of arbitration report per Civil R. 60(B)." The trial court denied their motion.
 {¶ 5} The Dzilinskis appeal the trial court's decision to deny their motion to vacate, assigning three errors for our review.
 {¶ 6} In their first assignment of error, the Dzilinskis argue that "the trial court committed reversible error by denying their Civ.R. 60(B) motion, alleging mistake and excusable neglect, without a hearing and by failing to rule on the mistakenly filed motion until after adopting the arbitration report." In the second assignment of error, they argue that the trial court abused its discretion by denying their motions and strictly enforcing the rules of the court which denied their right to a jury trial.
 {¶ 7} The Dzilinskis seek relief from judgment under Civ.R. 60(B(1), which provides, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or *Page 3 
proceeding for the following reasons: * * * (1) mistake, inadvertence, surprise or excusable neglect."
 {¶ 8} In order to prevail on a Civ.R. 60(B) motion, a movant must demonstrate that: 1) she has a meritorious claim or defense; 2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time. GTEAutomatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus. If any of these three requirements are not met, the motion should be overruled. Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648.
 {¶ 9} We review the trial court's decision on a Civ.R. 60(B) motion for an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77, 514 N.E.2d 1122. In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 10} In the instant case, the Dzilinskis admit that their attorney did not review the common pleas court's Local Rule 29, which fully explains the court's arbitration process. They assert that their counsel's failure to familiarize himself with the local rules of court was the result of excusable neglect. We disagree. *Page 4 
 {¶ 11} The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that "* * * the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 20,1996-Ohio-430, 665 N.E.2d 1102, citing GTE Automatic Elec, Inc., supra. In determining whether a party's actions amount to excusable neglect, courts must look to the facts and circumstances of each case.D.G.M., Inc. v. Cremeans Concrete Supply Co., Inc. (1996),111 Ohio App.3d 134, 138, 675 N.E.2d 1263.
 {¶ 12} The Dzilinskis have not provided any reason for their counsel's failure to familiarize himself with the local rules except to admit that he failed to review them with regard to the instant case. Attorneys are required to familiarize themselves with and abide by the local rules of practice. Brown v. Akron Beacon Journal Publishing Co. (1991),81 Ohio App.3d 135, 143, 610 N.E.2d 507. As stated in Moon v. NorthwestAirlines, Inc. (June 13, 2000), Franklin App. No. 99AP-1104, "If [a] court were to find that an attorney's failure to read the local rules of a case constituted excusable neglect, we would be authorizing attorneys to ignore local rules and, hence, defeat their purpose."
 {¶ 13} The Dzilinskis have failed to establish excusable neglect in support of their motion to vacate and, therefore, failed to establish entitlement to relief. *Page 5 
 {¶ 14} The Dzilinskis next claim that the trial court erred in denying their motion to vacate without a hearing. In Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 103, 316 N.E.2d 469, we found, with respect to a hearing on a motion to vacate, the moving party "has the burden of proof, [and] must present sufficient factual information to warrant a hearing on the motion." In Hornyak v. Brooks (1984), 16 Ohio App.3d. 105, 474 N.E.2d 676, we held that a trial court may exercise its discretion when granting or denying a motion for relief from judgment. We further stated:
 "[u]nless the movant's affidavit or other evidentiary material demonstrate grounds for the motion, the trial court does not abuse its discretion by denying the motion without a hearing. The evidentiary materials must present `operative facts' and not mere general allegations to justify relief." Id. at syllabus.
See also Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564.
 {¶ 15} The Dzilinskis failed to set forth operative facts justifying relief under Civ.R. 60(B). Therefore, the trial court did not abuse its discretion by denying their motion without a hearing. See Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223, 228,382 N.E.2d 1179.
 {¶ 16} The Dzilinskis next argue that the trial court abused its discretion by enforcing the local rules to their detriment. We find their argument that the "local rules impose a complex series of hurdles that must be cleared to preserve the right *Page 6 
to a jury trial" and their allegation that the trial court "purposefully used the local rules to deprive them of their right to a jury trial" unfounded. Local rules are created with the purpose of promoting the fair administration of justice and eliminating undue delay. The local rules also assist practicing attorneys by providing guidelines for orderly case administration.
 {¶ 17} The Dzilinskis cite Wiley v. Gibson (1997),125 Ohio App. 3d 77, 707 N.E.2d 1151, in support of their argument that the trial court abused its discretion in denying their motion. The facts inWiley, however, are inapposite to the instant case. In Wiley, the appellants filed an untimely appeal of the arbitration decision because they did not receive notice of the decision until after the time to appeal had expired. In the instant case, there is no issue as to proper notice; the Dzilinskis' counsel simply ignored the applicable local rule.
 {¶ 18} Although the trial court had the discretion to overlook counsel's negligence, the trial court chose to enforce the local rules. We find that the trial court's action did not constitute an abuse of discretion.
 {¶ 19} Accordingly, the first and second assignments of error are overruled.
 {¶ 20} In the third assignment of error, the Dzilinskis argue that Cuyahoga County Common Pleas Court Local Rule 29, Part VII(A)(1)(a),(b) is unconstitutional because it unlawfully imposes a fee and is unreasonably burdensome.
 {¶ 21} Local Rule 29 states in pertinent part: *Page 7 
 "(A) Right of Appeal de Novo
 (1) Any party may appeal from the action of the Panel of Arbitration to the Common Pleas Court of Cuyahoga County.* * * The filing of a single appeal shall be sufficient to require a de novo trial of the entire case on all issues and as to all parties without the necessity of each party filing a separate appeal de novo. The right of appeal shall be subject to the following conditions, all of which shall be complied with within thirty (30) days after the entry of the award of the Panel.
 (a) Notice of Appeal and Costs
 (b) A notice of appeal de novo, together with an affidavit that the appeal is not taken for delay but upon the belief an injustice has been done, shall be filed by the appellant in the office of the ADR Administrator acting for the Clerk of Courts. The sum mentioned in (1)(b) below shall be filed with the notice and affidavit.
 (c) Repayment of Arbitration Fees
 (d) The appellant shall repay to Cuyahoga County, Ohio by depositing with the Clerk of Courts all fees received by the members of the Panel of Arbitration in the case in which the appeal is taken. The sum so paid shall not be taxed as costs in the case and shall not be recoverable by the appellant in any proceeding." {¶ 22} Under this assignment of error, the Dzilinskis again argue that the trial court used Local Rule 29 to deprive them of their right to trial by a jury.
 {¶ 23} First, an evaluation of the validity of Local Rule 29 must take into account the purpose it is designed to serve. The purpose of Local Rule 29 is to provide for and regulate arbitration proceedings. Instead of depriving a person of a *Page 8 
right to a trial, as suggested by the Dzilinskis, the rule expressly sets forth the procedure by which a person dissatisfied with the arbitration process may proceed with litigation.
 {¶ 24} Moreover, Rule 15(A) of the Rules of Superintendence for the Courts of Ohio expressly permits courts to adopt a plan for mandatory arbitration of civil cases. The local rules adopted by the Cuyahoga County Common Pleas Court regarding the appeal of an arbitration decision are consistent with Sup.R. 15. Pursuant to Section 5(B), Article IV, of the Ohio Constitution and Sup.R. 5(A), these local rules are valid and, therefore, binding on litigants appearing before the Cuyahoga County Common Pleas Court.[1]
 {¶ 25} Further, the additional filing fee imposed by the rule is not as the Dzilinskis characterize it, "a capricious tax to be levied against a plaintiff at the whim of a trial court that seeks to block access to a jury trial." The fee is minimal and the rule allows a waiver if an indigent party seeking to appeal files an affidavit of indigency. *Page 9 
 {¶ 26} Therefore, finding no merit to the Dzilinskis' argument, we overrule the third assignment of error.
 {¶ 27} As the Ohio Supreme Court stated in Drake v. Bucher (1966),5 Ohio St. 2d 37, 39-40, 213 N.E.2d 182:
 "There is no excuse for the failure of any member of the bar to understand or to comply with the rules of this court. They are promulgated so that causes coming before the court will be presented in a clear and logical manner, and any litigant availing himself of the jurisdiction of the court is subjected thereto. Not to be minimized is the necessity of compliance as an accommodation to the correct dispatch of the court's business."
See also Vorisek v. North Randall (1980), 64 Ohio St.2d 62, 65,413 N.E.2d 793 (applying Drake to local rules).
 {¶ 28} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
MARY J. BOYLE, J. CONCURS; JAMES J. SWEENEY, P.J. CONCURS IN JUDGMENT ONLY
[1] Section 5 of Article IV provides in relevant part: "Courts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court. The supreme court may make rules to require uniform record keeping for all courts of the state, and shall make rules governing the admission to the practice of law and discipline of persons so admitted." *Page 1