OPINION *Page 2 
{¶ 1} Appellant Charles E. Oyer appeals the dismissal of his pro se complaint in the Carroll County Court of Common Pleas. Appellant filed a 25-page handwritten complaint against his sister, Appellee Anna Mae Oyer, apparently attempting to obtain possession of a handmade quilt and other items that he believes were once owned by his father. Both parties appeared pro se at a pretrial conference. During that conference, Appellant admitted that the subject matter of the complaint had been previously litigated twice in small claims court, and that he had been trying to reclaim the property from Appellee for at least seventeen years. The trial court properly dismissed the complaint on grounds of res judicata. It is clear that the four-year statute of limitations for theft or conversion also applies, here. Any other claims contained in the complaint, such as mental distress or punitive damages, were derivative of the initial claim of conversion of property, and the court properly dismissed these claims as well. On appeal, Appellant has not filed an appropriate brief, cites no law, and does not present any viable legal arguments to support his claims. As the trial court was correct in dismissing the complaint, the judgment is affirmed.
 {¶ 2} Appellant filed his pro se complaint on March 27, 2007. Appellee filed a pro se response on April 11, 2007. The court called for a pretrial conference on May 29, 2007. Appellant admitted at this conference that he had been incarcerated for many years for arson and other crimes. He admitted that all the items that he alleged were taken from him had been missing for at least seventeen years. Appellant admitted that he was under the care of a psychologist or psychiatrist, suffering from *Page 3 
schizoaffective disorder, which appears to be some combination of schizophrenia and other mood disorders.
 {¶ 3} Appellee testified that Appellant had initiated two prior lawsuits to regain the same property and that the property dispute was also litigated as part of their late father's probate estate. She produced a judgment entry from Carroll County Court, dated February 27, 1992, in which Appellant was awarded $50 as settlement in full of his claim. She also provided a copy of a small claims complaint dated August 20, 1991, dealing with the same subject matter.
 {¶ 4} On May 29, 2007, the court filed its judgment dismissing Appellant's complaint. The court noted that the subject matter of the complaint had been previously litigated in two prior cases. The court dismissed the case pursuant to both Civ. R. 12(B) and Civ. R. 56. This appeal followed on June 26, 2007.
 {¶ 5} Appellant filed what purports to be a handwritten brief on October 10, 2007. Appellant also filed two additional "briefs" on October 16, 2007, and December 14, 2007. Yet another document was filed on December 28, 2007. The Rules of Appellate Procedure permit the Appellant to file only one initial brief and if Appellee files a responsive brief, one reply brief is also permitted. It should be noted that, "pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept. of Job Family Serv. (2001), 145 Ohio App.3d 651, 654, 763 N.E.2d 1238. In addition, Appellant's multiple briefs do not satisfy any of the requirements for an appellate brief as set forth in App. R. 16(A). Noncompliant briefs *Page 4 
may be stricken from the record and the appeal may be dismissed, and Appellant's filings present the very definition of "noncompliant."Drake v. Bucher (1966), 5 Ohio St.2d 37, 34 O.O.2d 53, 213 N.E.2d 182. "Procedural rules adopted by courts are designed to promote the administration of justice and to eliminate undue delay. A substantial disregard of procedural rules cannot be tolerated." Cook v. Wilson,165 Ohio App.3d 202, 2006-Ohio-234, 845 N.E.2d 563, ¶ 12.
 {¶ 6} Appellant presents no assignment of error or recognizable argument on appeal. He simply accused Appellee of taking his property. In dismissing Appellant's complaint, the trial court cited two well-recognized procedural rules: dismissal for failure to state a claim, and dismissal in summary judgment. Appellant fails to set forth any legal or factual error for either of the grounds that the trial court used to dismiss the complaint.
 {¶ 7} It is also clear from the record that Appellant's conversion or theft claim arose between seventeen and twenty years ago, and that he has been pursuing it in some fashion on and off during that time. Appellee raised a statute of limitations defense in her answer to the complaint. The statute of limitations for the recovery of personal property is four years. R.C. 2305.09(B). This limitations period has long expired. Furthermore, the record indicates that Appellant has previously litigated his claim against Appellee in two separate lawsuits in Carroll County. Appellant does not dispute this. "Res judicata bars the litigation of all claims that either were or might have been litigated in a first lawsuit." Hughes v. Calabrese, 95 Ohio St.3d 334,2002-Ohio-2217, 767 N.E.2d 725, ¶ 12. *Page 5 
 {¶ 8} Appellant presents no argument indicating how the trial court erred in dismissing his complaint. Given the noncompliant nature of many aspects of this appeal, and the lack of any arguments or citations to legal authority, we overrule Appellant's arguments and affirm the judgment of the trial court.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1