{¶ 32} I respectfully dissent in part from the majority's disposition of this appeal. I would sustain Benesch's second and third assignments of error.
 {¶ 33} Counsel in the case sub judice "assumed" that the trial court or plaintiff's counsel would conduct a conference call and, thus, did not believe that it was necessary to file an appeal pursuant to Loc. R. 29. This assumption, and counsel's consequent inaction, amounts to just the type of "inaction" described in Kay v. Marc Glassman, Inc.,76 Ohio St.3d 18, 1996-Ohio-430.
 {¶ 34} In Kay, the Supreme Court, despite stating that the term "excusable neglect" is an elusive concept, nevertheless reiterated its definition "in the negative" by stating that "the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.'" Id. citing GTE Automatic Elec. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146; Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17.
 {¶ 35} The court further stated that although a movant is not required to support its motion with evidentiary materials, the movant must do more than make *Page 13 
bare allegations that he or she is entitled to relief. Kay at 20, citingRose Chevrolet, Inc. Finally, the court held that in order to convince the court that it is in the best interests of justice to set aside the judgment or to grant a hearing, the movant may decide to submit evidentiary materials in support of its motion. Id.
 {¶ 36} Under Kay, the bare assumptions of counsel, even if stated in an affidavit, do not relieve counsel of his duty to familiarize himself with the local rules of practice and act accordingly, especially when such assumptions are incorrect and coupled by inaction. Counsel could have easily clarified the entire situation by communicating with anyone: through motion; by taking the initiative to set up a conference call, and most importantly, by following Loc. R. 29 and filing an appeal.
 {¶ 37} This inaction, even if couched in terms of an "assumption" in counsel's affidavit, falls short of excusable neglect. As such, I would sustain Benesch's second and third assignments of error by finding that the trial court abused its discretion when it granted in part Action's Civ. R. 60(B) motion for relief from judgment.
 {¶ 38} This court has held that "[a]ttorneys are required to familiarize themselves with and abide by the local rules of practice."Cavalry Invest, LLC v. Dzilinski, Cuyahoga App. No. 88769,2007-Ohio-3767. Further, the Tenth District Court of Appeals in Moon v.Northwest Airlines, Inc. (2000), 10th Dist. No. 99AP-1104, held: "If this court were to find that an attorney's failure to read the local rules of a case constituted excusable neglect, we would be authorizing attorneys to *Page 14 
ignore local rules and, hence, defeat their purpose." I fear the majority has done just that in this case.
 {¶ 39} Attorneys may not circumvent rules of practice through ignorance, inaction or incorrect assumptions; nor may courts countenance them. In such cases as this, I believe counsel had a duty to act. To the extent this decision stands for the proposition that ignorance or disregard of the local rules may be circumvented by affidavit, thereby disregarding the import and purpose of the rules themselves, I dissent. *Page 1