[Cite as *Homol v. Homol*, 2012-Ohio-6272.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KIMBERLY HOMOL | ) | CASE NO. 11 JE 33 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHNNY HOMOL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common
Pleas of Jefferson County, Ohio
Case No. 11-DR-230

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Kimberly Homol, Pro se
P.O. Box 512
Steubenville, Ohio 43952

For Defendant-Appellant: Johnny Homol, Pro se
6927 Township Rd. 177
Bloomingdale, Ohio 43910

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: December 17, 2012

WAITE, P.J.

{¶1}   This is an appeal of a divorce decree issued in the Jefferson County Court of Common Pleas.  Before addressing any issues raise on appeal, we must deal with a procedural matter.  Appellant, Johnny Homol, has not filed a brief that conforms to the Rules of Appellate Procedure.  It does not have a table of cases, and in fact, does not cite any caselaw at all.  It does not have assignments of error.  It has no statement of the case or statement of the facts.  It has documents attached to the brief that are not part of the record on appeal.  It contains no coherent argument.  Appellant simply lists many things he does not like about the final divorce hearing and the divorce decree.  Finally, the brief contains no conclusion or statement of the relief being sought.  These are violations of App.R. 16(A) sections 2, 3, 5, 6, 7, and 8.

{¶2}   Noncompliant briefs may be stricken from the record and the appeal may be dismissed.  *Drake v. Bucher*, 5 Ohio St.2d 37, 213 N.E.2d 182 (1966); *In re I.T.A.*, 7th Dist. Nos. 11 BE 27, 11 BE 29, 2012-Ohio-1689, ¶12.  Appellant's filing certainly fits the definition of "noncompliant."

{¶3}   We cannot ignore the basic rule that " '*pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " (Emphasis sic.)  *Oyer v. Oyer*, 7th Dist. No. 07 CA 847, 2008-Ohio-2269, ¶5, citing *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (2001).

{¶4}   We are not obligated to review Appellant's nonconforming brief and could summarily dismiss this appeal on procedural grounds, but in the interest of

substantial justice, we will examine the divorce proceedings and final divorce decree regarding the broad issues that Appellant apparently attempts to raise in this appeal.

{¶5} We generally agree with Appellee's overall assessment of Appellant's argument on appeal: Appellant's factual references are either disproved by the record or were not raised at the divorce hearing; Appellant was represented by counsel at the divorce hearing, and counsel did not object to any of the issues mentioned in Appellant's brief; Appellant had an opportunity to present his case at the divorce hearing and he cannot retry the case in the court of appeals; the record supports the judgment. We cannot but determine that Appellant's appeal is frivolous.

{¶6} The parties were married on September 20, 2008, and had no children together, although they each have children from other relationships. Appellee Kimberly Homol filed a pro se complaint for divorce on August 1, 2011. Although Appellant never filed an answer to the complaint, he ultimately appeared at the final divorce hearing and was represented by counsel at that hearing.

{¶7} A hearing was scheduled on August 29, 2011. Appellant failed to appear, and a warrant was issued for his arrest. He appeared at a hearing on October 4, 2011. The primary purpose of that hearing was to facilitate the return of personal property belonging to Appellee that was in Appellant's possession or control. This property included a lifetime's worth of personal items, photos and mementos. At the October 4, 2011, hearing, Appellant acknowledged that he had disobeyed a prior court order to return Appellee's possessions, and promised the judge that he would deliver the items by 6:00 p.m. on October 5, 2011. The possessions were never returned.

**{¶8}** The final divorce hearing took place on November 7, 2011. Appellant was represented by counsel at the hearing. The parties both testified. Appellee testified that her personal possessions were worth approximately $4,000, and an exhibit in the record lists individual items worth $4,845. The court determined that the items were Appellee's separate property. The only other assets were three vehicles. One was a Harley-Davidson motorcycle worth $3,000, titled to Appellant. The other two vehicles were worth $1,500 and $800, with each party retaining one of the vehicles. There was no marital home, pensions, or any other property of note. The record indicates that Appellant worked at Snyder Tire in Wintersville, Ohio, and had an income of $31,000. Appellee's income was $10,000. The court ordered Appellant to pay Appellee lump sum spousal support of $6,000, payable in two installments. The court ordered Appellant to sell the motorcycle and give the proceeds to Appellee. He was ordered to pay $3,000 before December 4, 2011, and another $3,000 before February 5, 2012. The court's final decree of divorce was filed on November 18, 2011. The court reserved the right to conduct contempt proceedings against Appellant for his failure to appear at a hearing. This appeal was filed on December 5, 2011.

**{¶9}** Appellant requested a stay of execution of the judgment in this Court on December 9, 2011, and the motion was overruled on December 27, 2011.

**{¶10}** Appellant's brief contains a number of accusations that the trial judge was biased against him and should have been removed from the case. This is not a matter than can be resolved in the court of appeals. *See, e.g., Beer v. Griffith*, 54 Ohio St.2d 440, 377 N.E.2d 775 (1978) (only the Chief Justice of the Supreme Court

has authority to hear matters related to the disqualification of judge of the court of common pleas). *See also*, R.C. 2701.03.

{¶11} Appellant claims that he was never served with the divorce complaint, but the record indicates otherwise. The record reflects that the complaint was sent to him by ordinary mail, was opened and the contents removed, and the envelope was then returned to the court marked unclaimed. Another copy was sent by certified mail, and was returned as refused. Then, on October 4, 2011, Appellant was personally served with the complaint.

{¶12} Appellant mentions that there were civil rights violations in this case, but any civil rights claim must be litigated in a separate action. No such violations appear in the record.

{¶13} Appellant raises a number of evidentiary issues that may have been considered erroneous if true, but his counsel never objected at trial and any evidentiary errors are waived. Evid.R. 103(A).

{¶14} Appellant challenges the award of a lump sum spousal support. A trial court's judgment in awarding or denying spousal support is reviewed for abuse of discretion. *Berthelot v. Dezso*, 86 Ohio St.3d 257, 258, 714 N.E.2d 888 (1999); *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990); *Knox v. Knox*, 7th Dist. No. 04 JE 24, 2006-Ohio-1154. Spousal support may be ordered to paid in installments or as a lump sum. R.C. 3105.18(B). The court should consider all of the factors listed in R.C. 3105.18(C) when awarding spousal support, and the amount should be appropriate and reasonable under the circumstances. *Schultz v. Schultz*, 110 Ohio App.3d 715, 724, 675 N.E.2d 55 (10th Dist.1996); *Bowen v. Bowen*, 132

Ohio App.3d 616, 626, 725 N.E.2d 1165 (9th Dist.1999). The court may consider the economic necessity of the spouse when granting spousal support. *Olenik v. Olenik*, 7th Dist. No. 94 CA 139, 1998 WL 668162 (Sept. 18, 1998).

**{¶15}** The court found that Appellee was leaving the marriage with nothing because Appellant had sold, destroyed or otherwise disposed of her property. Thus, the court found that spousal support was economically necessary, and was just and equitable given the circumstances of the case. The record indicates that Appellant's income is considerably more than Appellee's. The court ordered two lump sum payments, which is permissible under the spousal support statute. There is no error evident in the record and no abuse of discretion in the spousal support award.

**{¶16}** Appellant's brief fails to establish that any reversible error took place, and in fact, actually says: "The appealant request the Divorce Degree stand * * *." (sic.) (Appellant's Brf., p. 4.) Because Appellant has not clearly asked for any relief on appeal and has not established any reversible error, the judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.