Opinion
{¶ 1} Appellant, Mark Zervos, appeals the judgment of the Lake County Court of Common Pleas granting appellee, Cheryl Maggard's, motion for protective order and motion in limine. This court affirms.
 {¶ 2} On November 24, 1999, appellee filed her complaint in the Lake County Court of Common Pleas. Appellee alleged that appellant (1) published a defamatory letter and (2) intentionally inflicted emotional distress upon her. On February 23, 2000, the trial court granted appellant's motion for protective order, ruling that all parties plaintiff[1] were to be deposed within sixty days. On June 8, 2000, the court conducted a status conference wherein discovery issues were discussed. On June 26, 2000, pursuant to the status conference, the trial court entered a judgment entry setting July 12, 2000, as the discovery deadline. On the afternoon of July 12, 2000, appellant submitted his first discovery request.
 {¶ 3} On August 8, 2000, appellee filed a motion for protective order seeking an order disallowing appellant's document request and his depositions. In the motion, appellee contended the parties spent significant time discussing the issues pertaining to discovery during the case management conference. Appellee maintained the parties agreed that discovery could be completed in two to four weeks. Moreover, appellee argued that the trial court's June 26, 2000, judgment entry required the parties to complete discovery (rather than begin) by July 12, 2000. In sum, appellee concluded that appellant sought to delay the trial and circumvent discovery. On October 26, 2000, the trial court granted appellee's motion for protective order.
 {¶ 4} On December 11, 2000, after the jury trial's commencement, appellee's counsel filed a motion in limine seeking to prevent appellant from calling any witnesses. In support, appellee cited appellant's obstruction of the discovery process and appellant's failure to provide a witness and evidence list to the court or appellee prior to trial. In particular, appellee's memorandum in support of her motion noted that she had subpoenaed two non-party witnesses, Louis Kaleal and Denise Gude-Zervos, for depositions on May 10, 2000. However, before the depositions, appellant's counsel contacted appellee's counsel to notify him that the two non-party witnesses would not be attending pursuant to his instructions.
 {¶ 5} The trial court overruled appellee's motion with respect to the failure to provide a witness and evidence list, but reserved the issue as it related to the failure of appellant to comply with discovery until such time as appellant intended to call specific witnesses. After appellee had rested her case and appellant had presented testimony from himself and appellee (via cross-examination), he attempted to call Lou Kaleal. At this time, appellee renewed her motion in limine to prevent the witness from testifying. The court agreed, and granted the motion in limine as it related to the testimony of Kaleal. At this point appellant rested. On December 14, 2000, the jury returned its verdict in appellee's favor on her defamation claim, awarding her $115,000 in compensatory damages and $100,000 in punitive damages. The jury also found for appellee on her intentional infliction of emotional distress claim and awarded her $1,000 in compensatory damages and $20,000 in punitive damages.
 {¶ 6} Appellant filed a timely appeal raising as errors the court's rulings on appellee's motion for protective order and appellee's motion in limine. On appeal, this court remanded the case to the trial court for purposes of determining whether or not appellant was prohibited from calling any witnesses in defense of his case and whether said ruling on appellee's motion in limine should be made a part of the record.
 {¶ 7} On remand, the trial court found that appellant intentionally delayed discovery such that appellee was precluded from deposing prospective witnesses before trial. In it's ruling, the court held that appellant could not derive a benefit from a situation he intentionally perpetuated. The court further held that appellant's intentional delays and interference prevented appellee from determining the nature of Lou Kaleal's testimony. Moreover, to the extent appellant failed to proffer Kaleal's proposed testimony and failed to place an objection to the ruling on the record, his testimony was thereby excluded. In light of the November 19, 2001, entry, appellant appeals the trial court's rulings by way of the following assignments of error:
 {¶ 8} "[1]. The trial court erred in granting the appellee's motion for a protective order and imposing a discovery sanction foreclosing the appellee's discovery requests.
 {¶ 9} "[2.] The trial court erred in granting the plaintiff's motion in limine excluding the appellant's witness at trial."
 {¶ 10} In his first assignment of error, appellant maintains that the trial court's sanction to close all discovery on July 11, 2000, was unreasonable and an abuse of discretion.[2] Specifically, appellant maintains the court erroneously sanctioned him insofar as the record demonstrates no evidence of bad faith or willful behavior.
 {¶ 11} The rules of discovery afford the trial court great latitude in crafting sanctions to fit discovery abuses. As such, a reviewing court's responsibility is merely to review these rulings for an abuse of discretion. Nakoff v. Fairview Gen. Hosp.(1996), 75 Ohio St.3d 254, 256. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." Id. citing, State v. Jenkins (1984), 15 Ohio St.3d 164, 222. In order to abuse that choice, the court's ruling must be so palpably and grossly violative of fact or logic that it evidences, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead, passion or bias. Massara v. Henery (Nov. 22, 2000), 9th Dist. No. 19646, 2000 Ohio App. LEXIS 5425 at 4, citing Nakoff, supra.
 {¶ 12} In support of his first assignment of error, appellant cites our decision in MacPhereson Meistergram, Inc. v. Penmark Co. (Nov. 17, 2000), 11th Dist. No. 99-T-0180, 2000 Ohio App. LEXIS 5617. InMacPhereson, we held that when the record does not reflect willfulness or bad faith on the responding party, it is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests. Appellant argues that the lower court erred in granting appellee's protective order insofar as there is no evidence of willfulness or bad faith within the record. Assuming arguendo that no evidence of willfulness or bad faith exists, MacPhereson is materially disanalogous from the instant case.
 {¶ 13} To wit, in MacPhereson we held that the trial court abused its discretion by granting a default judgment for failure to respond to discovery requests without evidence of willfulness or bad faith. In the current matter, the lower court did not enter a default judgment against appellant for his failure to comply with the discovery deadline; rather, it merely prohibited further discovery after the expiration of the deadline set forth in its June 26, 2000, judgment entry. Therefore, the trial court did not need evidence of willfulness or bad faith to legally justify or validate its judgment granting appellee the protective order.
 {¶ 14} Further, appellant cites Billman v. Hirth (1996),115 Ohio App.3d 615 in support of his claim. In Billman, the Tenth Appellate District reversed the trial court's discovery sanction excluding the testimony of the plaintiffs' "standard of care expert," insofar as the ruling had the practical effect of a dismissal. However, the facts ofBillman can be distinguished from the instant case: In Billman, the trial court shortened its discovery cut off date by nearly a month, the Plaintiff made a request to extend the discovery cut-off date that was denied, and the court's order contained purportedly equivocal language. From these facts, the Billman court held that the sanction ultimately imposed was unreasonable and the lower court thereby abused its discretion.
 {¶ 15} In the current matter, the court neither shortened its discovery deadline, nor did appellant seek an extension.[3] Moreover, the court's order directly and unequivocally states "[a]ll discovery is to be completed by July 12, 2000." (emphasis added). Thus, the factual nuances within Billman differ substantially from those of the current case.
 {¶ 16} Although the circumstances of Billman differ from those of the case sub judice, the Billman court did set forth relevant legal guidance to assist a court when imposing discovery sanctions. Specifically, in deciding a sanction, the trial court should observe several factors: "the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate." Billman,
supra, at 619, citing, Russo v. Goodyear Tire Rubber Co. (1987),36 Ohio App.3d 175, 178.
 {¶ 17} In its October 26, 2000, judgment entry the court ruled upon appellee's motion for protective order. In granting said order, the court recited a pattern of noncompliance which reasonably supported its ruling. In particular, the court noted that the complaint in this action was filed on November 24, 1999, and although the "journal entry" setting discovery deadlines was posted on June 26, 2000, all parties were aware of the discovery time frame set by the trial court, pursuant to discussions during the case management conference held on June 8, 2000. The court further stated that appellant waited seven and one-half months after the complaint was filed, and nearly five weeks after the case management conference, before submitting the aforementioned discovery to appellees. In addition, the court noted that appellant had failed to depose appellee despite its February 23, 2000, order, which required that all plaintiffs were to be deposed by April 23, 2000.[4] Moreover, the court stated that if appellant considered its June 26, 2000, order to be ambiguous, then he was responsible to seek clarification prior to July 12, 2000.
 {¶ 18} From the facts available in the record, the court's sanction for appellant's failure to meet the reasonably drawn discovery deadline was neither unreasonable nor arbitrary. After all, "[w]hether a product of sloth or gamesmanship, repeated delays by a party in discovery create unneeded delays, waste judicial resources, and sound an unwelcome echo to nineteenth century ambush lawyering. At some point there must be a serious sanction for procedural reindeer games. Procrastinating parties are [an] anathema to the orderly administration of civil justice."Massara, supra, at 5. Thus, we cannot conclude that the trial court's decision was an abuse of discretion.
 {¶ 19} Appellant's first assignment of error is overruled.
 {¶ 20} In his second assignment of error, appellant contends that the trial court abused its discretion when it excluded his witness, Lou Kaleal, at trial since appellant had no duty to compel his attendance for appellee's deposition. Although appellant had no specific duty to compel Kaleal to attend appellee's deposition, the trial court did not deny his testimony merely for appellant's failure to assure Kaleal's attendance. In fact, according to the trial court's November 19, 2001, judgment entry,[5] appellee filed her motion in limine to prevent appellant from presenting any witnesses and sanction appellant for "thwarting" the discovery process thereby preventing her from making a full discovery. Although it was partially overruled, the trial court reserved the issue as related to the failure of appellant to comply with discovery until he intended to call specific witnesses.
 {¶ 21} Appellee's motion in limine asserted that appellant "stonewalled" any attempt to depose Lou Kaleal, inter alia. That is, appellee indicated that she previously served Kaleal with subpoenas for deposition on May 10, 2000. Moreover, on April 28, 2000, the subpoenas were returned with endorsements indicating service was personally received. The endorsements were then filed with the court. Appellant contended;
 {¶ 22} "[t]hough properly noticed and served, neither of these individuals appeared for their deposition. At the last moment, the prior counsel for the Defendant notified Plaintiff's counsel that he would not be attending those depositions and that the two non-party witnesses would not be attending upon his instructions. Numerous dates were scheduled prior to that time and subsequent to that time for the taking of the deposition of these two individuals, as has been previously related to the court. All such dates were cancelled by the Defendant's counsel at the last moment, just prior to the depositions."
 {¶ 23} When appellant attempted to call witness Lou Kaleal, appellee renewed her motion in limine. Appellee argued that she had attempted to take depositions of appellant, appellant's wife, and Kaleal, but was thwarted by appellant and/or his attorneys resulting in the inability to determine the content of Kaleal's testimony before trial. Appellee argued that it would be unfair to reward appellant and his attorneys for their uncooperative posture which only could work to their favor against appellee.
 {¶ 24} The record indicates that appellee subpoenaed the relevant non-party witnesses; however, before the depositions were to take place, appellant's prior counsel notified appellee's counsel that the non-party witnesses would not be attending the depositions at his instruction. As such, there is evidence in the record that appellant's former counsel attempted to thwart appellee's deposition of the witness irrespective of the fact that appellant was not obligated to compel the non-party witness to appear.
 {¶ 25} Moreover, under Evid.R. 103(A)(2):
 {¶ 26} "[a] party may not predicate error on the exclusion of evidence during the examination in chief unless two conditions are met: (1) the exclusion of such evidence must affect a substantial right of the party and (2) the substance of the excluded evidence was made known to the court by proffer or was apparent from the context within which questions were asked." (Emphasis sic.). Petitto v. Malaney (May 17, 2002), 11th Dist. No. 2001-L-065, 2002 Ohio App. LEXIS 2359, 5, citing State v.Gilmore (1986), 28 Ohio St.3d 190, syllabus. See, also, State v. Davie
(1997), 80 Ohio St.3d 311, 327; State v. Brooks (1989), 44 Ohio St.3d 185,195.
 {¶ 27} In the current case, appellant submits no argument as to how the exclusion of Kaleal's testimony affected a substantial right. That is, although appellant draws the conclusion that, "[t]he substance of the excluded testimony affected a `substantial right' * * *," he offers no legal argument to buttress his conclusion. Moreover, the substance of Kaleal's testimony was neither apparent from the record nor proffered by appellant. In fact, the November 19, 2001, judgment entry indicates that appellant made no proffer as to what Kaleal's potential testimony would have been.
 {¶ 28} In his brief, appellant directs our attention to an affidavit signed by Louis Kaleal as well as a letter written and signed by Louis Kaleal.[6] The substance of these documents reveal Kaleal's dissatisfaction with the way in which appellee managed a real estate transaction in which Kaleal, appellant, and appellee were all involved. Notwithstanding this evidence, appellant fails to affirmatively assert, in his brief or elsewhere, the essential nature of Kaleal's potential testimony. That is, despite the content of the affidavit and the letter, the specific substance of Kaleal's testimony is still unclear. As such, we are incapable of determining whether the trial court's action in excluding the testimony of the witness was prejudicial.
 {¶ 29} Moreover, it is well settled that the burden of affirmatively demonstrating error on appeal rests with the party asserting error. App.R. 16(A)(7). Consequently, even were we to assume an argument exists to support appellant's claim, it is not our duty to assert it. S. Russell v. Upchurch, 11th Dist. Nos. 2001-G-2395 and 2001-G-2396, 2003 Ohio-2099 at ¶ 10. Insofar as appellant has failed to proffer evidence of the content of Kaleal's testimony and the substance of the excluded evidence is not apparent from the record, we cannot review appellant's claimed error. Therefore, by failing to fully comply with Evid.R. 103(A)(2), appellant has failed to preserve his objection to the exclusion of Lou Kaleal's testimony.
 {¶ 30} However, even if appellant properly preserved the error, the trial court did not abuse its discretion when it granted appellee's motion in limine as to the testimony of Kaleal. In its November 19, 2001, judgment entry the court found that appellee was precluded from properly deposing the prospective witness before trial and appellant was thus prevented from taking advantage of the situation he or his attorneys perpetuated. Pursuant to the appropriate standard, a reviewing court will not reverse an evidentiary ruling unless the court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. The lower court's findings are reasonable and consistent with the evidence contained in the record. Thus, the trial court did not abuse its discretion and appellant's second assignment of error is accordingly overruled.
 {¶ 31} For the above reasons, appellant's two assignments of error are overruled. Thus, the judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
Donald R. Ford, P.J., and William M. O'Neill, J., concur.
[1] This action originally included several co-plaintiffs who were mentioned within appellant's letter. However, these parties were later dismissed from the action as they were not the direct focus of the alleged defamation.
[2] Pursuant to its June 26, 2000, judgment entry, the trial court set a discovery deadline of July 12, 2000, the same day appellant submitted his first discovery request, not July 11.
[3] Here, in fact, the trial court extended its original discovery deadline.
[4] Appellant indicates that, on March 29, 2000, he sent a letter to appellee's counsel in interest of scheduling depositions during the week of April 17 through April 21, 2000. It is unclear why the parties were unable to arrange said depositions on those dates. However, in his letter, appellant indicates that the depositions would take "approximately four days." As such, appellant's claim that the time frame between June 26, 2000 and July 12, 2000, i.e., 13 business days, was unreasonable is inconsistent with appellant's own representations.
[5] This judgment entry was a function of this court's November 5, 2001 remand to the trial court for the purpose of determining whether the ruling on appellee's motion in limine should be made part of the record.
[6] The Kaleal affidavit and letter were submitted during the summary judgment exercise earlier in the proceedings to give them evidential quality.