Judgment reversed<br>and cause remanded.

SUNDERMANN and HENDON, JJ., concur.

---

**COOK, Appellee,**

v.

**WILSON, Appellant.**

[Cite as *Cook v. Wilson,* 165 Ohio App.3d 202, 2006-Ohio-234.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–699.

Decided Jan. 24, 2006.

---

5. See R.C. 2953.73(D); compare R.C. 2953.73(D) with 2953.21(G).

The Law Offices of Robert C. Wood and Robert C. Wood, for appellee.

Paul R. Brown, for appellant.

TRAVIS, Judge.

{¶ 1} Defendant-appellant, J. Riley Wilson, appeals from the decision of the Franklin County Court of Common Pleas that granted summary judgment in favor of plaintiff-appellee, Florence Cook. The case stems from the alleged breach of a real-estate purchase contract and promissory note.

{¶ 2} On April 11, 2003, the parties entered into a contract for the sale of real estate located at 1755 Oak Street, Columbus, Ohio, for the purchase price of $54,000. The contract was signed by appellee, as seller, and by appellant, "J.R. Wilson, Pres.," as buyer. The purchase contract instructed that the deed to the property was to be prepared in the name "Primal Resources, Co. and/or assignee."

{¶ 3} A promissory note in the amount of the purchase price, payable to appellee, was signed by "J.R. Wilson, Trustee for 1755 Oak Street Family Trust." Under the terms of the note, the entire sum was due on or before December 10, 2003.

{¶ 4} On June 9, 2003, pursuant to the purchase contract, appellee executed a deed that transferred the property to J.R. Wilson, Trustee. Also on June 9, 2003, the trust executed a mortgage in favor of appellee, in the amount of the purchase price. The mortgage was not recorded until February 6, 2004.

{¶ 5} The deed was recorded by the trust on December 24, 2003, at the same time that the trust, acting through appellant, executed and recorded a second mortgage in favor of Primal Resources in the amount of $23,000.

{¶ 6} No payments were made on the promissory note, and the note was in default as of December 11, 2003. Both the deed from appellee and the second mortgage to Primal Resources were filed after the promissory note was in default.

{¶ 7} On April 20, 2004, appellee filed suit against J. Riley Wilson, Primal Resources, Co., J.R. Wilson, Trustee of the 1755 Oak Street Family Trust and the 1755 Oak Street Family Land Trust. The complaint raised claims of willful misconduct, breach of the purchase agreement, and default of the promissory note and sought ejectment and recovery of the real property and to quiet title.

{¶ 8} Appellee moved for summary judgment on January 25, 2005. Appellee supported her motion with her affidavit and other documents. Appellant opposed the motion on February 22, 2005, and attached several documents, including what purports to be a valuation of the real estate by a professional appraiser. These documents were not supported by affidavit or otherwise authenticated.

{¶ 9} On May 23, 2005, the trial court granted summary judgment in favor of appellee on her claims for breach of the purchase agreement and promissory note. The court denied the claim for willful misconduct, finding it to be tantamount to a claim for punitive damages, which are not available for breach of contract. Appellee was given the option to collect money damages or rescind the purchase agreement and reconvey the property. Appellee elected rescission. The decision was journalized on June 8, 2005. On July 6, 2005, appellant, J. Riley Wilson, filed notice of appeal to this court.

{¶ 10} Appellant raises the following three assignments of error:

ASSIGNMENT OF ERROR I

The trial court erred in finding that the defendant materially breached the Purchase Agreement and Not [sic].

ASSIGNMENT OF ERROR II

The trial court erred in finding that the failure of the plaintiff to satisfy liens against the property was not a condition precedent to performance by the defendant.

ASSIGNMENT OF ERROR III

The trial court erred and abused its discretion by refusing to recognize the Uniform Residential Appraisal Report prepared by Terri L. White, Appraiser and Charles Kent, Supervisory appraiser (State of Ohio Certification No. 000387123) attached as an exhibit to defendant's Memorandum Contra Plaintiff's Motion for Summary Judgment, that established that the defendant made

substantial improvements on the property that significantly increased its fair market value.

{¶ 11} Before considering the assignments of error raised by appellant, the court will address appellee's assertion that the brief should be stricken for failure to comply with the Ohio Rules of Appellate Procedure. Appellee asserts that appellant failed to cite the portions of the record that allegedly support appellant's argument on appeal as required by App.R. 16(D); that appellant's brief does not contain a statement of the issues presented as required by App.R. 16(A)(4); and that appellant failed to include a table of cases or statutes, a statement of facts, or a proper statement of the case.

{¶ 12} Procedural rules adopted by courts are designed to promote the administration of justice and to eliminate undue delay. A substantial disregard of procedural rules cannot be tolerated. As stated by the Ohio Supreme Court:

> There is no excuse for the failure of any member of the bar to understand or to comply with the rules of this court. They are promulgated so that causes coming before the court will be presented in a clear and logical manner, and any litigant availing himself of the jurisdiction of the court is subjected thereto. Not to be minimized is the necessity of compliance as an accommodation to the correct dispatch of the court's business.

*Drake v. Bucher* (1966), 5 Ohio St.2d 37, 39–40, 34 O.O.2d 53, 213 N.E.2d 182.

{¶ 13} We have urged members of the bar to follow the Rules of Appellate Procedure, as well as this court's local rules, to promote the administration of justice and to eliminate undue delay. *Hahn v. Satullo*, 156 Ohio App.3d 412, 2004-Ohio-1057, 806 N.E.2d 567.

{¶ 14} Appellant's brief fails to comply with certain portions of the Rules of Appellate Procedure. For example, appellant's brief fails to argue each assignment of error separately as required by App.R. 12(A)(2). The rule provides as follows:

> The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error separately in the brief, as required under App.R. 16(A).

{¶ 15} The purpose behind the rule is to require the appellant to specifically identify the error the appellant claims occurred and the portion of the record that supports the claim of error. Courts of appeals "cannot and will not search the record in order to make arguments on appellant['s] behalf." *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 240, 743 N.E.2d 484.

■ {¶ 16} Effective appellate advocacy includes a clear statement of a litigant's position on a specific issue. Argument that is restricted to a single issue and is supported by authority is far more effective than a brief that combines multiple assignments of error on different points of law. App.R. 12(A)(2) recognizes this need for clarity and requires that assignments of error be argued separately. The failure to argue separately assigned errors is grounds for summary affirmance. *Guerry v. Guerry* (Oct. 11, 2001), Cuyahoga App. No. 77819, 2001 WL 1230830. See *Helman,* supra, 139 Ohio App.3d at 239–240, 743 N.E.2d 484.

{¶ 17} In the instant appeal, appellant has raised three assignments of error. However, appellant has not separately argued each assignment of error in his brief. Hence, as in *Guerry,* summary affirmance would be within this court's discretion. App.R. 12(A)(2).

{¶ 18} However, courts prefer to determine cases on the merits rather than upon procedural default. Despite appellant's failure to follow the Rules of Appellate procedure, we chose to decide this case on the merits.

{¶ 19} An appellate court reviews summary judgment de novo. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265. An appellate court will affirm if any of the grounds the movant raised at trial support the judgment of the trial court. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

■ {¶ 20} In his first assignment of error, appellant argues that the trial court committed error by finding that the defendants materially breached the real estate purchase agreement and promissory note. For the following reasons, we disagree.

{¶ 21} As relevant to this appeal, Civ.R. 56(A) allows a party seeking to recover upon a claim to move, with or without supporting affidavits, for summary judgment in the party's favor as to all or any part of the claim. Civ.R. 56(C) provides that summary judgment shall be rendered forthwith "if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶ 22} Civ.R. 56(E) includes the following language:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided by this rule, must set forth specific facts showing that there is a

genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

{¶ 23} The rule is mandatory. While there is no "default" summary judgment, when a motion for summary judgment is properly made and supported as required by the rule and the motion demonstrates that the moving party is entitled to judgment as a matter of law, the opposing party must respond. The failure of the opposing party to respond with evidence of the type required by the rule leaves the trial court with no other choice but to grant the motion. See *State ex rel. Trafalgar Corp. v. Miami Cty. Bd. of Commrs.*, 104 Ohio St.3d 350, 2004-Ohio-6406, 819 N.E.2d 1040; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 24} Here, appellee's motion for summary judgment was supported by appellee's affidavit, which is evidence of the type required by Civ.R. 56(C). The affidavit sets forth the existence of the purchase agreement and note and states that the property was conveyed and was titled in the name of appellant, J. Riley Wilson, that the principal amount of $54,000 was due to appellee under the agreement, but no payments had been made and the note was in default.

{¶ 25} Additionally, the answer to plaintiff's complaint admitted paragraphs one, two, three, and nine, although it denied personal responsibility on the part of appellant. These paragraphs alleged the existence and terms of the purchase contract between the parties and the existence and terms of the promissory note. Therefore, those facts were undisputed when the trial court considered the motion for summary judgment. The answer further admitted paragraph four of the complaint—that none of the defendants, including appellant, had paid any portion of the promissory note. Therefore, those facts were undisputed when the trial court considered the motion. Those undisputed facts support a finding that the buyers, including appellant, were in material breach of both the purchase agreement and the note.

{¶ 26} Appellant states that there were unpaid liens against the property and makes other factual allegations that appellant believes rebut appellee's evidence in support of summary judgment. However, Civ.R. 56(C) prohibits a court from considering evidence that does not meet the requirements of the rule. "No evidence or stipulation may be considered except as stated in this rule." Appellant offered no evidence of the type required by Civ.R. 56 to rebut appellee's evidence. Appellee's claims were properly supported as required; appellant's claims were not. The evidence properly before the trial court, together with the admissions contained in the pleadings, left the trial court with no option but to find that appellant and the other defendants materially breached the purchase agreement and promissory note. The first assignment of error is overruled.

{¶ 27} Appellant's second assignment of error asserts that the trial court should have recognized that the failure to satisfy liens against the property was a condition precedent to performance by appellant and the other defendants. However, as with the first assignment of error, appellant failed to present any evidentiary material of the type recognized by Civ.R. 56 that would support his claim that there were unpaid liens against the property. Simply asserting the existence of facts does not comply with the duties placed upon a party opposing summary judgment. Civ.R. 56(E).

{¶ 28} The problem with appellant's lack of evidentiary support for his response to the motion for summary judgment was noted by the trial court. The trial court found that the defendants had made "unsupported claims that they invested as much as fifteen to twenty thousand dollars * * * in the property." The court went on to state:

> These issues could undoubtedly affect rescission of the Purchase Agreement, Foreclosure of the Trust Mortgage, or reconveyance of the property, had they been properly preserved in the record with evidence proper under Civ.R. 56. Absent a material dispute of fact, however, the only question truly remaining open is what relief the Plaintiff elects to receive.

{¶ 29} We must agree with the trial court. In proceedings in summary judgment, claimed facts that are not supported as required by Civ.R. 56 do not exist for the purpose of ruling upon the motion. It was appellant's obligation to support his assertions of fact with evidence. The failure to do so is fatal to his attack upon the judgment of the trial court.

{¶ 30} Finally, even if appellant had properly supported his opposition to summary judgment, the result would not change. It is settled law in Ohio that when a deed is delivered and accepted without qualification pursuant to a real-estate purchase agreement, the agreement merges with the deed and no separate cause of action under the contract exists. "Where a deed is delivered and accepted without qualification pursuant to agreement, no cause of action upon the prior agreement thereafter exists." *Fuller v. Drenberg* (1965), 3 Ohio St.2d 109, 32 O.O.2d 91, 209 N.E.2d 417, paragraph one of the syllabus. This rule of law has been well settled in Ohio for well over a century. See *Brumbaugh v. Chapman* (1887), 45 Ohio St. 368, 13 N.E. 584.

{¶ 31} With few exceptions, under this doctrine of merger, the purchaser is limited to the express covenants in the deed. *Fuller*, supra; *37 Robinwood Assoc. v. Health Industries, Inc.* (1988), 47 Ohio App.3d 156, 158, 547 N.E.2d 1019; *Newman v. Group One, Ohio Partnership*, Highland App. No. 04CA18, 2005-Ohio-1582, 2005 WL 737579. Therefore, once the deed for the Oak Street property was unconditionally accepted by the buyers, appellant's claim that

appellee had not fulfilled contractual conditions precedent was extinguished. The second assignment of error is overruled.

{¶ 32} In his third assignment of error, appellant states that the trial court should have considered evidence in the form of an appraisal report that supported appellant's claim that appellant and the other defendants had made improvements to the property. In opposing summary judgment, appellant attached what purports to be a report from a professional real-estate appraiser. When supporting documents fall outside Civ.R. 56(C), the evidence must be incorporated by reference in a properly framed affidavit. *Blanton v. Cuyahoga Cty. Bd. of Elections,* 150 Ohio App.3d 61, 2002-Ohio-6044, 779 N.E.2d 788. However, appellant did not authenticate the report or provide an affidavit of the appraiser to support the document. Civ.R. 56(C) is very clear. "No evidence or stipulation may be considered except as stated in this rule." Therefore, the trial court was prohibited from considering the attached appraisal report. The third assignment of error is overruled.

{¶ 33} Having overruled each of the assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and McGRATH, JJ., concur.