[Cite as *Ferguson v. Ohio State Hwy. Patrol*, 2010-Ohio-5691.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANGEL FERGUSON

    Plaintiff

    v.

OHIO STATE HIGHWAY PATROL

    Defendant

    Case No. 2009-09361

Judge Alan C. Travis

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On August 2, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. On October 7, 2010, the court conducted an oral hearing on the motion pursuant to L.C.C.R. 4; however, plaintiff failed to appear for the hearing.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} According to the complaint, employees of defendant searched plaintiff's residence and seized four computers, a roll of photographic film and paperwork, and then turned these items over to the Federal Bureau of Investigation. Plaintiff states that the computers were later returned, but that operating systems and other programs were removed and that one or more of the computers now "runs slow." Plaintiff further states that the film and paperwork are "missing." The complaint identifies neither a cause of action, nor the desired relief.

{¶ 5} Defendant asserts that it lawfully seized the property at issue pursuant to a search warrant and that it exercised reasonable care while in possession of such property.

{¶ 6} Under Ohio law, the seizure of property pursuant to a search warrant is authorized by R.C. 2933.21 and Crim.R. 41. R.C. 2981.11(A)(1), which governs the disposition of lawfully seized property, provides:

{¶ 7} "Any property that has been * * * seized pursuant to a search warrant * * * and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code."

{¶ 8} In support of its motion, defendant submitted the affidavit of Sergeant Patrick McDonald, an employee in defendant's Office of Special Operations/Investigations, who states, in part:

{¶ 9} "4. On March 28, 2008, I oversaw and participated in the execution of a valid search warrant at the premises located at 341 C. Waddell Road, McDermott, Ohio, a location believed to be the residence of [plaintiff].

**{¶ 10}** "5.   I have reviewed the Complaint filed in the action *Angel Ferguson v. Ohio State Highway Patrol*, Ohio Court of Claims Case No. 2009-09361.   The items listed in the Complaint were seized from said location pursuant to the execution of the valid search warrant.

**{¶ 11}** "6.   The [defendant's] search of said premises and treatment of the items seized following the search were appropriate and in compliance with [defendant's] policies/procedures.

**{¶ 12}** "7.   The [defendant] exercised due care during all times it had possession of [plaintiff's] items."

**{¶ 13}** As stated above, plaintiff did not file a response to defendant's motion, nor did she provide the court with any affidavit or other permissible evidence to support her allegations.   Civ.R. 56(E) states, in part, as follows:

**{¶ 14}** "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

**{¶ 15}** "While there is no 'default' summary judgment, where a motion for summary judgment is properly made and supported as required by the rule and the motion demonstrates that the moving party is entitled to judgment as a matter of law, the opposing party must respond.  The failure of the opposing party to respond with evidence of the type required by the rule leaves the trial court with no other choice but to grant the motion." *Cook v. Wilson*, 165 Ohio App.3d 202, 2006-Ohio-234, ¶23.

**{¶ 16}** Based upon the uncontested affidavit testimony of McDonald, reasonable minds can only conclude that defendant seized the property at issue pursuant to a valid search warrant and that defendant did not commit a breach of any duty, including any duty arising under R.C. 2981.11(A)(1), with respect to such property.

{¶ 17} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
ALAN C. TRAVIS
Judge

cc:

Emily M. Simmons                          Angel Ferguson
Velda K. Hofacker                         341 C Waddell Road
Assistant Attorneys General               McDermott, Ohio 45652
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

RCV/cmd
Filed October 27, 2010
To S.C. reporter November 18, 2010