[Cite as *Aston v. Aston*, 2018-Ohio-908.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| ERIC ASTON, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2017-L-076 |
| KATHRYN ASTON, et al., | : | |
| Defendant-Appellee. | : | |

Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 07 DR 000678.

Judgment: Affirmed.

*Eric Aston,* pro se, 2890 Narrows Road, Perry, OH 44081 (Plaintiff-Appellant).

*Kathryn Aston,* pro se, 8003 Carriage Circle, Unit B, Mentor, OH 44060 (Defendant-Appellee).

*John W. Shryock,* John Shryock Co., L.P.A., 30601 Euclid Avenue, Wickliffe, OH 44092 (Guardian ad litem).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Eric Aston ("father"), pro se, appeals the post-decree judgment entered by the Lake County Court of Common Pleas, Domestic Relations Division, granting appellee, Kathryn Aston's ("mother's"), motion to modify parenting time. At issue is whether the trial court abused its discretion in granting her motion. For the reasons that follow, we affirm.

{¶2} Father's appellate brief does not comply with the Ohio Rules of Appellate Procedure or this court's Local Rules in several respects. His brief does not contain a table of contents; a table of cases; a statement of the case; a statement of facts supported by references to the record; any assignments of error; a separate argument, with citations to legal authority, in support of each assignment of error; or a statement of the issues presented for review, in violation of App.R. 12(A)(2), 16(A)(1), (2), (3), (4), (5), and (6), and Loc.App.R 16(C)(1), (2), and (3).

{¶3} In *Cook v. Wilson*, 165 Ohio App.3d 202, 2006-Ohio-234 (10th Dist.), the appellant failed to argue each assignment of error separately, as required by App.R. 12(A)(2). The Tenth District stated:

> {¶4} The purpose behind the rule is to require the appellant to specifically identify the error the appellant claims occurred and the portion of the record that supports the claim of error. Courts of appeals "cannot and will not search the record in order to make arguments on appellant['s] behalf." *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 240 (7th Dist.2000).

> {¶5} * * * App.R. 12(A)(2) recognizes this need for clarity and requires that assignments of error be argued separately. The failure to argue separately assigned errors is grounds for summary affirmance. *Guerry v. Guerry*, 8th Dist. Cuyahoga No. 77819, 2001 WL 1230830 (Oct. 11, 2001). *See Helman, supra*, at 239-240. *Cook, supra*, at ¶15-16.

{¶6} Here, father failed to assert any assignments of error or to separately argue any assigned errors.

{¶7} Further, in *Grein v. Grein*, 11th Dist. Lake No. 2009-L-145, 2010-Ohio-2681, the appellant in his brief failed to cite the record in support of his factual allegations, as required by App.R. 16(A)(7). This court stated:

> {¶8} It is well-settled that it is not the duty of an appellate court to comb the record in search of the evidence necessary to sustain an

2

appellant's claimed error. * * * While we have reviewed the transcript, it is not the duty of this court to search the record to find support for the arguments asserted by [appellant]. He has therefore failed to support this argument by reference to the record, and for this reason alone, his argument lacks merit. *Grein, supra*, at ¶50.

{¶9} Here, practically none of father's factual allegations is supported by reference to the record. Moreover, father failed to proffer certain exhibits he argues were improperly excluded by the court, thus failing to preserve the issues for appeal. *Maggard v. Zervos*, 11th Dist. Lake No. 2001-L-072, 2003-Ohio-6688, ¶25-27.

{¶10} This court, in *Lake Metropolitan Housing Authority v. McFadden*, 11th Dist. Lake No. 2016-L-105, 2017-Ohio-2598, addressed an appellate brief, which, like father's, contained multiple violations of the Appellate Rules. This court stated:

{¶11} [A]ppellant has failed to comply with several procedural requirements for a brief. Specifically, he failed to include a table of contents; a table of cases; any assignments of error; a statement of the case; a statement of facts; any argument containing his contentions with respect to each assignment of error and the reasons in support of the contentions; or any citations to authorities or parts of the record on which he relies, in violation of App.R. 16(A)(1), 16(A)(2), 16(A)(3), 16(A)(5), 16(A)(6), and 16(A)(7).

{¶12} * * *

{¶13} Here, appellant's failures to comply with the foregoing Rules of Appellate Procedure are numerous and serious enough to allow this court to disregard the conclusory allegations made by appellant in his brief. *Lake Metropolitan, supra*, at ¶20-23.

{¶14} Moreover, it makes no difference that father is proceeding pro se. This court, in *Curtis v. Cline*, 11th Dist. Ashtabula No. 2009-A-0020, 2009-Ohio-6034, stated:

{¶15} "[P]ro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Id.* at ¶13, quoting *R.G. Slocum Plumbing v. Wilson*, 11th Dist. Ashtabula No. 2002-A-0091, 2002-Ohio-1394, ¶12.

3

{¶16} Mother correctly notes that father's brief does not comply with App.R. 16. Further, her uncertainty as to which judgment father has appealed is understandable since father's brief is unclear on this point.

{¶17} Based on appellant's serious violations of the Ohio Appellate Rules and this court's Local Rules, this court is well within its authority to summarily affirm the trial court's judgment.

{¶18} In light of the foregoing analysis, appellant has failed to demonstrate the trial court abused its discretion in granting mother's motion to modify father's parenting time with J.A.

{¶19} For the reasons stated in this opinion, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.