[Cite as *North Kingsville v. Beals*, 2018-Ohio-3012.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| VILLAGE OF NORTH KINGSVILLE, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0087** |
| HOLLI L. BEALS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court, Eastern District, Case No. 2017 TRD 01046 E.

Judgment: Affirmed.

*Harold Specht,* Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Holli L. Beals,* pro se, 5306 Adams Avenue, Ashtabula, OH 44004 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Holli L. Beals, pro se, appeals her conviction in the Ashtabula County Court, Eastern District, for reckless operation of a motor vehicle and a marked lane violation. At issue is whether the violations of the Ohio Rules of Appellate Procedure reflected in appellant's appellate brief are serious enough to warrant the summary affirmance of the trial court's judgment. For the reasons that follow, we affirm.

{¶2} Appellant was charged via citation with reckless operation, in violation of Ord. 333.09(A), and a marked lane violation, in violation of Ord. 331.08. Appellant, appearing pro se, pled not guilty and the case proceeded to a bench trial. Following the trial, the trial court found appellant guilty of both charges and sentenced her.

{¶3} Appellant appeals her conviction, asserting two assignments of error, as follows:

{¶4} "[1.] The trial court allowed witness (Ms. Sullivan) who also was committing the same crimes to testify. By the way the Officer Krenisky (sic) stated she also was in the wrong doing the same thing Beals was doing.

{¶5} "[2.] The trail (sic) court did not take into consideration that Ms. Sullivan tried to cause an accident with Holli Beals to hit her in the rear by slamming her brakes on that was the reason for going over the double yellow lines."

{¶6} Appellant's appellate brief does not comply with the Ohio Rules of Appellate Procedure in several respects. Her brief does not contain a table of cases, statutes, and other authorities cited, with references to the pages of the brief where cited; a statement of facts supported by references to the record; or a separate argument, with citations to legal authority, in support of each assignment of error, in violation of App.R. 12(A)(2), 16(A)(2), (6), and (7).

{¶7} In *Cook v. Wilson*, 165 Ohio App.3d 202, 2006-Ohio-234 (10th Dist.), the appellant failed to argue each assignment of error separately, as required by App.R. 12(A)(2) and App.R. 16(A)(7). The Tenth District stated:

> {¶8} The purpose behind the rule is to require the appellant to specifically identify the error the appellant claims occurred and the portion of the record that supports the claim of error. Courts of appeals "cannot and will not search the record in order to make

2

arguments on appellant['s] behalf." *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 240 (7th Dist.2000).

{¶9}   * * * App.R. 12(A)(2) recognizes this need for clarity and requires that assignments of error be argued separately. The failure to argue separately assigned errors is grounds for summary affirmance. *Guerry v. Guerry*, 8th Dist. Cuyahoga No. 77819, 2001 WL 1230830 (Oct. 11, 2001). *See Helman, supra*, at 239-240. *Cook, supra*, at ¶15-16.

{¶10}   Here, appellant failed to separately argue her assignments of error by setting forth an argument containing her contentions with respect to each assignment of error and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which she relies, as required by App.R. 12(A)(2) and App.R. 16(A)(7).

{¶11}   Further, in *Grein v. Grein*, 11th Dist.  Lake No. 2009-L-145, 2010-Ohio-2681, the appellant, in his brief, failed to cite the record in support of his factual allegations, as required by App.R. 16(A)(7).  This court stated:

{¶12}   It is well-settled that it is not the duty of an appellate court to comb the record in search of the evidence necessary to sustain an appellant's claimed error. * * * While we have reviewed the transcript, it is not the duty of this court to search the record to find support for the arguments asserted by [appellant]. He has therefore failed to support this argument by reference to the record, and for this reason alone, his argument lacks merit.  *Grein, supra*, at ¶50.

{¶13}   Here, during the trial, the parties presented their witnesses, and a transcript of the trial was prepared and filed. However, *none* of appellant's factual allegations is supported by reference to the transcript.

{¶14}   This court, in *Lake Metropolitan Housing Authority v. McFadden*, 11th Dist. Lake No. 2016-L-105, 2017-Ohio-2598, addressed an appellate brief, which, like appellant's, contained multiple violations of the Appellate Rules.  This court stated:

**{¶15}** [A]ppellant has failed to comply with several procedural requirements for a brief. Specifically, he failed to include a table of contents, a table of cases; any assignments of error; a statement of the case; a statement of facts; any argument containing his contentions with respect to each assignment of error and the reasons in support of the contentions; or any citations to authorities or parts of the record on which he relies, in violation of App.R. 16(A)(1), 16(A)(2), 16(A)(3), 16(A)(5), 16(A)(6), and 16(A)(7).

**{¶16}** * * *

**{¶17}** Here, appellant's failures to comply with the foregoing Rules of Appellate Procedure are numerous and serious enough to allow this court to disregard the conclusory allegations made by appellant in his brief. *Lake Metropolitan, supra*, at ¶20-23.

**{¶18}** Moreover, it makes no difference that appellant is proceeding pro se. This court, in *Curtis v. Cline*, 11th Dist. Ashtabula No. 2009-A-0020, 2009-Ohio-6034, stated:

**{¶19}** "[P]ro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." *Id*. at ¶13, quoting *R.G. Slocum Plumbing v. Wilson*, 11th Dist. Ashtabula No. 2002-A-0091, 2002-Ohio-1394, ¶12.

**{¶20}** Based on appellant's serious violations of the Ohio Rules of Appellate Procedure, this court is well within its authority to summarily affirm the trial court's judgment.

**{¶21}** In light of the foregoing analysis, appellant has failed to demonstrate her conviction was not supported by sufficient, credible evidence.

**{¶22}** For the reasons stated in this opinion, it is the judgment and order of this court that the judgment of the Ashtabula County Court, Eastern District, is affirmed.


THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

4

_____

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶23} Although I concur that the judgment of the lower court should be affirmed, I write separately because of the way this case was handled procedurally. The majority summarily affirms the lower court on account of the appellant's "serious violations of the Ohio Rules of Appellate Procedure" with respect to the form and content of the appellant's brief.

{¶24} If the brief is so deficient as to preclude consideration of the merits of the appeal, then the appeal should have been dismissed. Local Rule of Appellate Procedure 16(E) provides that failure to comply with the Rule governing the form and content of appellate briefs "may result in the brief being stricken on motion or sua sponte, and/or in the dismissal of the appeal, without prior notice in either instance."

{¶25} In the present case, the appellant's original January 12, 2018 brief was stricken for not complying with various Rules of Appellate Procedure and the appellant was advised that "[a]ny future briefs which do not comply with the appellate rules and rules of this court may be sua sponte stricken." In light of the fact that appellant's March 6, 2018 brief was similarly noncompliant, it would have made more sense to dismiss the appeal or strike the brief than to let the matter proceed to (non-oral) hearing only to summarily affirm because of noncompliance.

{¶26} Since the matter was scheduled for a hearing date, the merits of the appeal could have been considered. Although there are technical deficiencies in the brief, the appellant clearly seeks to challenge her convictions based on the manifest weight of the evidence, arguing that the trial court failed to consider (or, more properly,

5

give appropriate weight to) exculpatory testimony. Even considering the merits, the convictions would be affirmed given the deference shown to the trier of fact when there is conflicting testimony.

{¶27} For the foregoing reasons, I concur in judgment only.