[Cite as *In re Estate of Copeland*, 2018-Ohio-4271.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


| | | |
|---|---|---|
| ESTATE OF: CHARLES A. COPELAND, DECEASED | : | **MEMORANDUM OPINION** |
| | : | |
| | | **CASE NO. 2018-L-082** |


Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 ES 1334.

Judgment: Appeal dismissed.


*Robert S. Rosplock*, Rosplock & Perez, Interstate Square Building I, 4230 State Route 306, Suite 240, Willoughby, OH 44094 (For Appellee, Donna Copeland).

*Charles D. Copeland*, pro se, 2231 Waltham Place, Canton, OH 44706 (Appellant).


TIMOTHY P. CANNON, J.

{¶1} This matter is before this court upon a pro se notice of appeal filed by Charles Copeland from a June 13, 2018 entry appointing Donna F. Copeland as Executor of the Estate of Charles A. Copeland, Deceased. The appeal is dismissed.

{¶2} Ohio Appellate Rule 16(A) provides that the appellant shall include in its brief, inter alia, "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected; and (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates."

{¶3} Pursuant to this court's Local Rule 16(C)(1), "[i]t is to be noted that the full statement of the Assignments of Error and Issues Presented for Review in the Table of Contents shall be deemed a satisfactory compliance with Ohio App.R. 16(A)(3) and (4), as applicable." Additionally, in the Argument portion of the appellate brief, "[t]he Assignments of Error shall be fully set forth verbatim, as shall the Issues Presented for Review, as stated in the Table of Contents. The Assignments of Error shall assert precisely the manner in which the trial court is alleged to have erred[.]" Local Rule 16(C)(4).

{¶4} Failure to comply with Local Rule 16 "may result in the brief being stricken on motion or sua sponte, and/or in the dismissal of the appeal, without prior notice in either instance." Local Rule 16(E). Pro se litigants are bound by these rules and procedures the same as those litigants who retain counsel. *Snype v. Cost*, 11th Dist. Portage No. 2012-P-0001, 2012-Ohio-3892, ¶6 (citation omitted).

{¶5} Here, Mr. Copeland failed to include both a statement of the assignments of error and a statement of the issues presented for review. Mr. Copeland clearly objects to the appointment of the executor, but he provides no decipherable argument as to why. His appellate brief is rife with pictures, cartoons, and unfitting accusations directed at parties not relevant to this appeal.

{¶6} Mr. Copeland's fundamental failure to comply with the Rules of Appellate Procedure and this court's Local Rules wholly prevents any appellate review of this matter. "Even if an argument exists to support [appellant's] claim, the court has neither the legal nor the ethical obligation to assert it for [him]." *Natl. City Bank v. Slink & Taylor, LLC*, 11th Dist. Portage No. 2002-P-0045, 2003-Ohio-6693, ¶26.

{¶7} Accordingly, pursuant to Local Rule 16(E), this appeal is hereby dismissed, sua sponte.

{¶8} Appeal dismissed.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.

3