[Cite as *Ashtabula Cty. Child Support Enforcement Agency v. Collins*, 2019-Ohio-1503.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| TINA M. (SAWYER) WRIGHT, | : | **MEMORANDUM OPINION** |
| Plaintiff, | : | |
| ASHTABULA COUNTY CHILD SUPPORT ENFORCEMENT AGENCY, | : | **CASE NO. 2019-A-0003** |
| | : | |
| Appellee, | : | |
| | : | |
| - vs - | : | |
| | : | |
| JOHN H. COLLINS, | : | |
| Defendant-Appellant. | | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Juvenile Division, Case No. 2015 JI 00106.

Judgment: Appeal dismissed.

*Debra S. McMillan*, ACCSEA, 2924 Donahoe Drive, Ashtabula, OH 44004 (For Appellee).

*John H. Collins*, pro se, 1759 Burns Road, Jamestown, PA 16134 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, John H. Collins, filed a pro se appeal from an Ashtabula County Court of Common Pleas, Juvenile Division, entry which ordered that he report to jail on April 2, 2019, to serve his previously imposed 30-day sentence. Mr. Collins owes, and has failed to pay, appellee, ACCSEA, $15,697.48 in child support.

**{¶2}** Mr. Collins' appellate brief was stricken by this court for failure to comply with the rules. He was given an opportunity to file a corrected brief in compliance with the rules, but he has not done so.

**{¶3}** Mr. Collins' appellate brief does not comply with the Ohio Rules of Appellate Procedure or the Local Rules for the Eleventh Appellate District in several respects. His brief does not contain a cover page, assignments of error, statement of the issues, statement of the case, statement of the facts supported by references to the record, a separate argument and proof of service in violation of App.R. 16 and Loc.R. 16 as well as App.R. 13. Appellant's brief also was not double-spaced and went beyond the page limit in violation of App.R. 19 and Loc.R. 16.

**{¶4}** App.R. 16(A) provides that appellant's brief shall include: "(3) [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected; (4) [a] statement of the issues presented for review, with references to the assignments of error to which each issue relates; (5) [a] statement of the case briefly describing the nature of the case * * *; (6) [a] statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *; (7) [a]n argument containing the contentions of the appellant * * *."

**{¶5}** Pursuant to this court's Loc.R. 16(C)(1), "[t]he prime function of the Table of Contents is to list and index Assignments of Error and Issues Presented for Review. It is to be noted that the full statement of the Assignments of Error and Issues Presented for Review in the Table of Contents shall be deemed a satisfactory compliance with Ohio App.R. 16(A)(3) and (4), as applicable." Additionally, Loc.R. 16(C)(4) states that "[t]he Assignments of Error shall be fully set forth verbatim, as shall the Issues Presented for Review, as stated in the Table of Contents." It further states that "[t]he Assignments of

2

Error shall assert precisely the manner in which the trial court is alleged to have erred[.]" Loc.R. 16(C)(4).

{¶6} Failure to comply with Loc.R. 16 "may result in the brief being stricken on motion or sua sponte, and/or in the dismissal of the appeal, without prior notice in either instance." Loc.R. 16(E).

{¶7} App.R. 12(A)(2) requires that assignments of error be argued separately. In *Cook v. Wilson*, 165 Ohio App.3d 202, 2006-Ohio-234, the appellant failed to argue each assignment of error separately, as required by App.R. 12(A)(2). The Tenth District explained that the purpose behind the rule is to require an appellant to specifically identify the error an appellant is claiming occurred and the portion of the record that supports the claimed error. *Id.* at ¶ 15. A court of appeals will not search a record to make arguments on an appellant's behalf. *Helman v. EPL Prolong, Inc.*, 139 Ohio App.3d 231, 240 (2000).

{¶8} Further, it makes no difference that appellant is proceeding pro se. Pro se litigants are bound by these rules and procedures the same as those litigants who retain counsel. *Aston v. Aston*, 11th Dist. Lake No. 2017-L-076, 2018-Ohio-908. They are not given greater rights and must accept the results of their own mistakes. *Id.* at ¶ 15.

{¶9} In this matter, Mr. Collins failed to include a statement of the assignments of error, a statement of the issues presented for review, a statement of the case, and a statement of the facts. He neglected to separately argue his assignments of error by setting forth an argument containing his contentions with respect to each assignment of error and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which he relies. In his notice of appeal, Mr. Collins takes issue with his jail sentence, but he provides no comprehensible argument as to

why. His appellate brief is rife with constitutional and statutory provisions, but there is not decipherable argument relevant to this appeal.

{¶10} Mr. Collins' failure to comply with the Rules of Appellate Procedure and this court's Local Rules wholly prevents any appellate review of this matter. This court does not have a legal or ethical obligation to assert an argument for an appellant even if an argument exists to support the appellant's claim. *In re Estate of Copeland*, 11th Dist. Lake No. 2018-L-082, 2018-Ohio-4271, ¶ 6.

{¶11} Accordingly, pursuant to Loc.R. 16(E), this appeal is hereby dismissed, sua sponte.

{¶12} Appeal dismissed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.

4