[Cite as *In re N.B.*, 2022-Ohio-1376.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTERS OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| N.B. (DOB 6-20-18) | : | Hon. Patricia A. Delaney, J. |
| L.B. (DOB 12-27-16) | : | Hon. Craig R. Baldwin, J. |
| S.B. (DOB 4-06-06) | : | |
| | : | |
| MINOR CHILDREN | : | Case No. 2022CA00003 |
| | : | 2022CA00004 |
| | : | 2022CA00005 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Stark County Court
of Common Pleas, Juvenile Court
Division, Case Nos. 2020JCV00338,
2020JCV00339, 2020JCV00342

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                April 22, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant Mother

BRANDON J. WALTENBAUGH                     BERNARD L. HUNT
Stark County JFS                           2395 McGinty Rd N.W.
402 2nd St SE                              North Canton, Ohio 44720
Canton, Ohio 44702

*Baldwin, J.*

{¶1}   The mother of N.B., L.B. and S.B. appeals the decision of the Stark County Court of Common Pleas, Family Court Division, granting appellee, Stark County Department of Job and Family Service's Motion for Permanent Custody and finding that the grant of permanent custody was in the best interest of N.B., L.B. and S.B.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Stark County Department of Job and Family Services (SCDJFS) received a report that three children, N.B., L.B. and S.B, were dirty, had matted hair and were undernourished. A further report alleged that the children were not receiving proper medical attention.  SCDJFS attempted to contact the Mother on multiple occasions and requested a welfare check by law enforcement, but she did not respond. On April 17, 2020, SCDJFS filed a complaint alleging the children were dependent or neglected based upon their finding that the children's medical needs were not met, that they appeared to be malnourished and that at least one of the children suffered from a high level of lead. SCDJFS also alleged that the children were left alone for long periods of time and Mother was suspected of suffering from alcohol abuse.

{¶3}   The trial court conducted an emergency shelter care hearing on April 20, 2020 and granted temporary custody to SCDJFS.  On July 15, 2020 the trial court found that the children were dependent and ordered that they remain in the custody of SCDJFS. The trial court also approved the initial case plan which required that Mother complete a parenting evaluation and substance abuse assessment and follow the recommendations that were developed from those assessments.  She was also to engage in parenting classes as well as housing, employment and case management services.

{¶4} The parenting evaluation was completed and, as a result, Mother's case plan was amended to include individual counseling, prescribed medication, drug screening, nine months of sobriety and successful completion of parenting classes. The evaluator made these recommendations after diagnosing Mother with generalized anxiety disorder, borderline intellectual functioning and alcohol use disorder.

{¶5} The record contains material evidence that Mother suffered from a serious alcohol addiction, with at least one test reflecting a very high blood alcohol level. SCDJFS made the appropriate referrals to services to assist her with her addiction, but she did not complete the programs. She missed multiple counseling appointments, forty-five drug screening appointments and she made minimal progress with her substance program.

{¶6} Mother also minimized the severity of her alcohol addiction and her social worker discovered that Mother misrepresented her alcohol use to her psychiatrist, leading to a prescription for medication that, had she been honest about her alcoholism, would not have been prescribed as it should not be taken with alcohol.

{¶7} Mother also failed to make material progress in the parenting classes she was assigned. She was unwilling or unable to internalize the information provided, was not willing to accept responsibility for her past parenting behaviors and was ultimately terminated from her parenting class for failure to abide by her behavioral contract when she missed multiple drug screens.

{¶8} SCDJFS moved for permanent custody on September 9, 2021 and the matter was scheduled for a hearing on November 29, 2021.[1] During the hearing, a social

---

[1] The father of L.B. made his first appearance on that date and requested counsel. His portion of the case was conducted on December 13, 2021 where he consented to the grant of permanent custody. The father of N.B. was never discovered and the father of S.B. was not involved in any case plan and did not participate in the hearing on permanent custody.

worker testified regarding the services incorporated into the case plan and Mother's failure to resolve the problems that led to the removal of the children from the home. SCDJFS, through the testimony of the social worker and a representative from Good Will, provided significant evidence that Mother was unwilling or unable to complete or regularly participate in programs designed to assist her in regaining custody. As a result, her ability to parent the children did not improve and her alcohol abuse persisted.

{¶9}    The children had been placed in foster care pending the resolution of this case and, per the social worker, they were doing well. Two of the children had medical issues when they were taken into custody and the issues were not resolved by the date of the hearing. The social worker testified that the children were in the same foster home, had bonded well with the foster parents and each other, and would not suffer any detriment by granting permanent custody. The foster parents planned to move forward with adoption if permanent custody was granted.

{¶10} The guardian ad litem recommended that the court grant permanent custody as being in the best interest of the children.

{¶11} The trial Court issued its judgment on December 14, 2021, terminating Mother's parental rights and granting permanent custody to SCDJFS. Mother filed a notice of appeal and submitted two assignments of error:

{¶12} "I. THE JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW BY THE TRIAL COURT THAT N.B. (DOB 6-20-18), L.B. (DOB 12-27-16) AND S.B. (DOB 4-06-06) CANNOT AND SHOULD NOT BE PLACED WITH MOTHER AT THIS TIME, WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

**{¶13}** "II. THE TRIAL COURT'S GRANT OF PERMANENT CUSTODY WAS CONTRARY TO THE BEST INTEREST OF THE MINOR CHILDREN AND WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

## STANDARD OF REVIEW

**{¶14}** Mother asserts that the judgments of the trial court were against the sufficiency and manifest weight of the evidence. Sufficiency of the evidence is a test of adequacy to determine if the evidence is legally sufficient to sustain a decision. This is a question of law to be reviewed de novo by this Court. *State v. Thompkins,* (1997) 78 Ohio St.3d 380, 386.

**{¶15}** When reviewing for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered." *Matter of A.D.*, 5th Dist. Guernsey No. 19 CA 20, 2019-Ohio-3671, ¶ 9. In weighing the evidence there is a presumption in favor of the trial court's factual findings. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 21.

## ANALYSIS

**{¶16}** In her first assignment of error, Mother asserts that the court erred when it found that the children cannot and should not be placed with her because that finding was against the manifest weight and sufficiency of the evidence. The trial court found that the children have "been in the temporary custody of the agency for a period greater than 12

months in a 22-month period" and that "notwithstanding reasonable case planning and diligent efforts by the agency, Mother has failed to remedy the conditions that caused [the children] to be  placed the Court (sic)" and granted the motion for permanent custody pursuant to the authority granted by R.C. 2151.414(B)(1)(d), (B)(2) and (E). (Findings of Fact and Conclusion of Law, Dec. 14, 2021, p. 16).  Mother does not offer any evidence refuting the court's findings, but instead claims that her improved attitude, improved treatment of the children and completion of some segments of the case plan mandated the return of the children to her custody.

{¶17}  Mother contends that she had "made progress on her case plan sufficient to have her children returned" (Appellant's Brief, p. 6), but neither the Revised Code nor relevant precedent require that SCDJFS establish that a parent failed to achieve any goals before seeking permanent custody. Instead, the Revised Code focuses on whether the parent has substantially remedied the conditions causing the child to be placed outside the home.  R.C. 2151.414(E)(1).  Further, this court has upheld permanent custody findings despite evidence in the record that a parent made partial progress on their case plan. *In re Layne Children*, 5th Dist. Stark No. 2000CA00344, 2001 WL 246430, *3. And, while SCDJFS concedes that Mother did improve some of her behaviors, the record lacks evidence of a significant progress on the case plan. Instead the evidence supports the trial court's conclusion that notwithstanding reasonable case planning and diligent efforts by the agency, Mother has failed to remedy the conditions that caused the children to be placed with SCDJFS.

{¶18} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court

schedule a hearing and provide notice upon filing of a motion for permanent custody of a child by a public children services agency.

{¶19} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.

{¶20} R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, a trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶21} In her first assignment of error, Mother argues that the finding that her children could not or should not be placed with her within a reasonable time was against the manifest weight of the evidence.

{¶22} The trial court determined, pursuant to R.C. 2151.414(B)(1)(d), the child has been in the temporary custody of the agency for a period of time in excess of twelve of

the prior twenty-two consecutive months. The social worker testified that the children were in the temporary custody of SCDJFS from April 20, 2020 to September 9 2021, a period of approximately seventeen months.  So, the children have been in agency custody for a period of time in excess of twelve of the prior twenty-two consecutive months.

**{¶23}**  As findings under R.C. 2151.414(B)(1)(a) and R.C. 2151.414(B)(1)(d) are alternative findings, each is independently sufficient to use as a basis to grant the motion for permanent custody. *In re Dalton,* 5th Dist. Tuscarawas No. 2007 AP 0041, 2007-Ohio-5805, ¶ 88.  This finding alone in conjunction with a best interest finding is sufficient to support the grant of permanent custody. *In re Calhoun*, 5th Dist. Stark No. 2008 CA 00118, 2008-Ohio-5458, ¶ 45.

**{¶24}**  Because Mother has not challenged the twelve of twenty-two-month finding, we would not need to address the merits of her claim with regards to the trial court's determination that the children could not or should not be placed with Mother within a reasonable time.

**{¶25}**  However, even if we consider Mother's argument, we find the trial court did not commit error in determining the child cannot be placed with Mother at this time or within a reasonable period of time. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

**{¶26}**  Though Mother contends she was in compliance with portions of her case plan sufficient to warrant return of the children, the evidence at trial does not support her

contention. Rather, a review of the record supports the trial court's conclusion that the children cannot be placed with Mother within a reasonable time.

**{¶27}** The social worker testified Mother has not substantially completed her case plan and did not remedy the conditions that first existed when the children were removed from the home. Specifically, Mother continues to have alcohol abuse, mental health, and cognitive issues. Mother continued to minimize her alcohol addiction and failed on multiple occasions to submit to drug screens. SCDJFS had a prior encounter with Mother in 2010 when her child was taken into custody while she completed a case plan that also addressed alcohol abuse. Her alcoholism continues to interfere with her progress, but Mother denies she is drinking despite testing positive for alcohol consumption.

**{¶28}** Mother was terminated from a recommended Women's Empowerment group and was not consistent with counseling, missing several appointments. She began parenting classes at Goodwill but was terminated and did not complete the program. She had made some progress after receiving close guidance, but the social worker described the progress as minimal.

**{¶29}** Housing remained a problem as the condition of the home, though not the worst the social worker had seen, remained unsuitable for young children. The home was still cluttered and dirty even without the presence of children in the home for several months. On August 17, 2021, the home was cluttered, dirty, had a foul odor and the witness noted feces on clothing and spoiled food. The washing machine was not properly connected and water escaped to the floor. Due to these conditions the home had no space for children to play.

**{¶30}** These facts are sufficient to support the trial court's conclusion that the children could not be returned to Mother's custody within a reasonable time, an independent basis for its grant of SCDJFS motion. Consequently, we find that the trial court did not abuse its discretion by granting the request for permanent custody.

**{¶31}** Appellant's first assignment of error is overruled.

**{¶32}** In her second assignment of error, Mother contends that "JFS has not presented clear and convincing evidence necessary for best interest to support their motion and it should therefore be denied," but she presents no argument to support her conclusion. (Appellant's Brief, p. 7). "[A]n appellant's brief is required to present '[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies,' as per the requirements set forth in App.R. 16(A)(7)." (Citations omitted.) *Tripodi Family Tr. v. Muskingum Watershed Conservancy Dist.*, 5th Dist. Tuscarawas No. 2007 AP 09 0056, 2008-Ohio-6902, ¶ 29, as quoted *in RHDK Oil & Gas, LLC v. Willowbrook Coal Co.*, 5th Dist. Tuscarawas No. 2020 AP 08 0017, 2021-Ohio-1362, ¶ 48, appeal not allowed sub nom. *RHDK Oil & Gas, L.L.C. v. Willowbrook* Coal Co., 164 Ohio St.3d 1448, 2021-Ohio-3336, 173 N.E.3d 1242, reconsideration denied, 165 Ohio St.3d 1481, 2021-Ohio-4289, 177 N.E.3d 1006. Mother offers a conclusion regarding the status of the evidence and relies upon this court to divine her rational, argument and solution. "If evidence, authority, and arguments exist that can support an assignment of error, it is not the duty of the appellate court to root it out." *Sutton v. Ohio Dept. of Edn.,* 2017-Ohio-105, 80 N.E.3d 1238, ¶ 35 (8th Dist.) as quoted in *Young v. Kaufman*, 8th Dist. No. 104990, 2017-Ohio-

9015, 101 N.E.3d 655, ¶ 44. Courts of appeals "cannot and will not search the record in order to make arguments on appellant['s] behalf." *Helman v. EPL Prolong, Inc.,* 139 Ohio App.3d 231, 240, 743 N.E.2d 484 (7th Dist.2000) as quoted in *Village of N. Kingsville v. Beals,* 11th Dist. Ashtabula No. 2017-A-0087, 2018-Ohio-3012, ¶ 8 as quoted in *RHDK Oil & Gas, LLC, supra* ¶ 49.

{¶33} While Mother has failed to offer a cogent argument to support her conclusion that a grant of permanent custody is not in the best interest of children, in the interest of justice we have reviewed the record regarding this issue.

{¶34} We have frequently noted, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of the child should be accorded the utmost respect, given the nature of the proceeding and the impact that court's determination will have on the lives of the parties concerned." *In re Mauzy Children*, 5th Dist. Stark No. 2000CA00244, 2000 WL 1799973 (Nov. 13, 2000), citing *In re Awkal,* 85 Ohio App.3d 309, 642 N.E.2d 424 (8th Dist. 1994).

{¶35} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; (4) the child's need for a legally secure placement and whether that type of placement can be achieved without a

grant of permanent custody; and (5) whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶36} The court must consider all of the elements in R.C. 2151.414(D) as well as other relevant factors. There is not one element that is given greater weight than the others pursuant to the statute. *In re Schafer,* 11 Ohio St.3d 498, 2006-Ohio-5513, 857 N.E.2d 532. The focus of the "best interest" determination is upon the child, not the parent, as R.C. 2151.414(C) specifically prohibits the court from considering the effect a grant of permanent custody would have upon the parents. *In re Awkal,* 85 Ohio App.3d 309, 642 N.E.2d 424 (8th Dist. 1994).

{¶37} We find the trial court did not commit error in finding that granting permanent custody to SCDJFS was in the best interest of the children. They have been in the custody of SCDJFS for more than seventeen months. Mother is still heavily involved with alcohol but denies that she has any problem. Her alcoholism and mental diagnoses interfere with her ability to care for herself and created a risk to the well-being of the children that she has been unable to resolve.

{¶38} The social worker stated that while the children and Mother do have a bond, she believes the benefits of permanency outweigh any damage that might occur through breaking that bond. She noted that the children would benefit from a structured and stable home and Mother cannot provide it. The GAL believes the foster parents offer a safe, stable, and secure home for the children.

{¶39} Both the social worker and the GAL testified the children are doing very well in their foster home. They have bonded to the foster family and the foster family plans to pursue adoption if permanent custody is granted.

{¶40} The social worker and the GAL agreed that granting permanent custody of the children was in their best interest.

{¶41} We find the trial court properly considered and weighed the factors in R.C. 2151.414(D) and the trial court's conclusion that the granting of permanent custody to SCDJFS is in the best interest of the child is supported by competent and credible evidence.

{¶42} Mother's second assignment of error is denied.

{¶43} The decision of the Stark County Court of Common Pleas, Family Court Division, of December 14, 2021 is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.